**In re GRAND JURY INVESTIGATION.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roy Dan JACKSON,**
**Defendant-Appellant.**

No. 82–5450.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 27, 1982.

Decided and Filed Sept. 2, 1982.

Rehearing and Rehearing En Banc Denied Dec. 28, 1982.
See 696 F.2d 449.

John West (lead counsel), Greenebaum, Doll & McDonald, Thomas A. Brown, Lexington, Ky., James E. Milliman, Louisville, Ky., for defendant-appellant.

Louis DeFalaise, U.S. Atty., Barbara Edelman, Robert Trevey, Asst. U.S. Attys., Lexington, Ky., for plaintiff-appellee.

Before LIVELY, KENNEDY and JONES, Circuit Judges.

PER CURIAM.

Jackson appeals from a decision of the District Court finding him in civil contempt for failing to comply with an order of that court. 28 U.S.C. § 1826. The District Court had ordered Jackson to appear and produce records before a grand jury that was investigating him, which he refused to do alleging "just cause."

In September 1980 the Internal Revenue Service (IRS) announced the commencement of an audit of Jackson's 1977, 1978 and 1979 tax returns. In February 1981 the audit was referred to the Criminal Investigation Division of the IRS. Jackson was served with administrative summonses requiring him to produce records. He refused to comply with the summonses on March 3, 1981. On March 5, 1981, the IRS agents contacted the United States Attorney's Office and relayed information regarding a possible violation of 18 U.S.C. § 1510, obstruction of justice by Jackson. The United States Attorney was advised that the IRS was investigating Jackson for possible income tax irregularities and that the investigation was the genesis for the obstruction case. On March 9, 1981, six subpoenas were prepared by the United States Attorney's Office requiring the presence of Jackson, and others, at the March 18, 1981 session of the grand jury. On March 10–11, an additional attempt was made by IRS agents to see if Jackson would voluntarily give handwriting exemplars to the IRS as part of the criminal tax investigation. Jackson refused. On March 12, the grand jury subpoenas were served. The IRS agent admitted to Jackson that the information sought by the subpoenas was the same as that which the IRS had been seeking in its criminal administrative investigation. On March 19, two witnesses appeared before the grand jury and testified. Jackson did not appear. Instead, he filed a motion to quash the grand jury subpoenas and terminate the grand jury investigation. On March 26, 1981, a hearing was scheduled on the motion to quash. Prior to the hearing, the remaining subpoenas were withdrawn in open court by the United States Attorney. The motion was dismissed as moot and without prejudice to renew the objections at a later date.

Over one year later, Jackson was served with a subpoena to appear before another grand jury and to produce company books and records on June 15, 1982 and July 19, 1982. Jackson refused to appear at the June 15, 1982 session of the grand jury and produce the records. His counsel filed a motion for a protective order relying primarily upon a claim of impropriety on the part of certain IRS agents and United States Attorneys. Jackson asserted that there had been an illegal disclosure of "return information" or "taxpayer return information" from the IRS to members of the United States Attorney's Office on March 5, 1981 in violation of 26 U.S.C. § 6103(a), which is made a felony by 26 U.S.C. § 7213(a). Jackson asked the District Court to disqualify the United States Attorney and his assistants from further participation in the present grand jury investigation on the ground of conflict of interest, remove the two IRS agents from the investigation on the ground of prosecutorial misconduct and direct the grand jury to investigate the United States Attorneys and IRS agents to determine whether the March 5,

1981 disclosure of information amounted to a criminal violation under 26 U.S.C. §§ 6103(a), 7213.

On July 9, 1982, a hearing was held on Jackson's motion. The United States Attorney admitted that the disclosure of "taxpayer information" took place on March 5, 1981, but contended that the disclosures were proper because the IRS had contacted the United States Attorney's Office regarding a possible obstruction of justice case under 18 U.S.C. § 1510. The United States Attorney represented to the District Court that he knew Jackson's name, knew he was under investigation and that he was supplied with information that Jackson was out threatening witnesses and advising them what to say. The United States Attorney indicated that this information was obviously related to an obstruction of justice violation and had nothing to do with tax irregularities. There is no evidence in the record to suggest that any additional information was disclosed.[1] The District Court refused Jackson's request to call members of the United States Attorney's Office or the IRS agents to testify. The court found that even if there had been an illegal disclosure, that would not be sufficient to disqualify members of the United States Attorney's Office and the IRS investigators from proceeding before the grand jury. Jackson was denied all relief requested in his motion for a protective order.

After Jackson refused to produce the documents or even take the oath before the grand jury on July 19, 1982, the District Court ordered him to do so. When he refused, the court found him in civil contempt. 28 U.S.C. § 1826. Jackson was ordered confined for the life of the grand jury, not to exceed eighteen months, or until he testified, but was granted bail pending this appeal.

■ 26 U.S.C. § 6103(a) mandates that returns and "return information" shall be confidential and that no employee of the United States shall disclose any return or return information obtained by him in any manner in connection with his service as an employee. "Return information" includes the taxpayer's identity, and whether the taxpayer's return was, is being or will be subject to an investigation, and "any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary *with respect to* a return or *with respect to* the determination of the existence, or possible existence, of liability . . . of any person *under this title* [Title 26] for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense. . . ." *Id.* § 6103(b)(2). (emphasis added)

Disclosures by the IRS agents to the United States Attorney that Jackson threatened witnesses and other evidence of a possible obstruction of justice violation by him under 18 U.S.C. § 1510 do not constitute "return information" under this section. Such information does not fall within one of the specifically enumerated examples of "return information" in section 6103(b)(2)(A). Nor does it come within the "any other data" catchall. Subsequent language in section 6103(b)(2)(A), "with respect to" and "under this title" requires a nexus between the data or information obtained and the furtherance of obligations controlled by Title 26. Information regarding threatening witnesses and other evidence of a possible obstruction of justice violation under Title 18 does not satisfy the nexus requirement in section 6103(b)(2)(A).

The obligations of Title 18 are independent from and in addition to the obligations imposed by Title 26. Since such information does not constitute "return information," its dissemination may not constitute a violation of section 6103(a) or provide the basis for criminal liability under section 7213.

---

1. In the affidavit submitted by Assistant United States Attorney Trevey to the District Court he stated:

   \*    \*    \*    \*    \*    \*

   At no time during the course of the obstruction investigation did I inspect or learn of any documents belonging to Roy Dan Jackson, inspect or learn of any information contained on any tax returns or accompanying documents belonging to Roy Dan Jackson.

A taxpayer's name and the fact that he is, was or will be subject to an investigation regarding Title 26 obligations, does constitute "return information" under section 6103(b)(2)(A). An exception exists, however, to provide for the disclosure of this return information by federal officers or employees for the administration of federal laws not relating to tax administration. 26 U.S.C. § 26103(i). Under section 6103(i)(3):

> **Disclosure of return information concerning possible criminal activities.** —The Secretary may disclose in writing return information, other than taxpayer return information, which may constitute evidence of a violation of Federal criminal laws to the extent necessary to apprise the head of the appropriate Federal agency charged with the responsibility for enforcing such laws. For purposes of the preceding sentence, the name and address of the taxpayer shall not be treated as taxpayer return information if there is return information (other than taxpayer return information) which may constitute evidence of a violation of Federal criminal laws.

 We do not consider the IRS agents' failure to make their disclosure of Jackson's name and the fact that he was subject to a Title 26 investigation, in writing as required by section 6103(i)(3), to preclude a determination that no section 6103(a) violation occurred in this case. The information which constituted evidence of a violation of 18 U.S.C. § 1510 was information regarding the threatening of witnesses, which we have determined is outside of the scope of return information. Jackson's name and the fact he was under investigation, in and of themselves, are not suggestive and do not constitute evidence of, a violation of any federal criminal law not relating to tax administration. The disclosure of Jackson's name merely denominates a possible wrongdoer. The identity of the taxpayer that is communicated is not his identity from the tax return but rather his identity by witnesses as the author of the threats. Disclosure that there is a tax investigation merely provides the context and possibly the motive of the alleged wrongful acts constitut-

ing an obstruction of justice. To reiterate, there is nothing in the record to suggest that additional disclosure of information constituting "return information," beyond Jackson's name and pending investigation were disclosed to the United States Attorneys. The limited information which was disclosed aside from the threat to witnesses was not evidence of a violation of a federal criminal law but merely ancillary to and qualified the dissemination of non-return information which did evidence criminal conduct. The information was limited to the extent possible to make the dissemination of non-return information meaningful.

We do not construe the strict protections to ensure taxpayer privacy contained in section 6103 as totally disabling IRS officials and employees in the reporting of criminal conduct unrelated to Title 26 obligations when return information in itself is not suggestive of criminal conduct not relating to tax administration. Congress could not have intended to prevent the immediate reporting of crimes, knowledge of which is not developed through tax return information, merely because the IRS agent is engaged in a tax investigation. No misuse of return information has been made in this case. The policy of section 6103 survives intact.

Accordingly, since we find no violation of section 6103, we reject Jackson's contention that the dissemination of the challenged information by the IRS agents to the United States Attorneys prior to the first grand jury investigation created a conflict of interest or constituted prosecutorial misconduct with respect to the second. Jackson's refusal to appear before the second grand jury, take the oath and produce records, is not supported by "just cause."

The determination of the District Court is affirmed.