In re GRAND JURY INVESTIGATION.

Roy Dan JACKSON

v.

UNITED STATES of America.

No. 82–5450.

United States Court of Appeals, Sixth Circuit.

Dec. 28, 1982.

John West, Greenebaum Doll & McDonald, Thomas A. Brown, James E. Milliman, Ann Chestnut, Lexington, Ky., for appellant.

Louis DeFalaise, U.S. Atty., Barbara Edelman, Robert Trevey, Asst. U.S. Attys., Lexington, Ky., for appellee.

Before LIVELY, KENNEDY and JONES, Circuit Judges.

## ORDER

The Court not having favored rehearing en banc in the above case, 688 F.2d 1068 (6th Cir.1982), the petition for rehearing is referred to our panel for disposition.

On rehearing appellant argues that he was not given the opportunity to prove that more information was revealed than that discussed in our opinion in this case. We see no need to grant rehearing on this issue since we agree with the District Court's conclusion that Jackson did not have "just cause" to refuse to testify before the grand jury, even assuming misconduct on the part of these government officials under 26 U.S.C. § 6103.

Jackson argues that the violation of the statutory prohibition against the disclosure of taxpayer return information is, in itself, just cause for the refusal to comply with the grand jury subpoena. As a general rule, evidence is admissible before a grand jury despite its illegal origins. *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Exceptions to this general rule exist where the grand jury itself has violated a valid privilege, whether established by the Constitution, statute or common law, *id.* 346, 94 S.Ct. at 619, or where Congress has imposed special restrictions on the use of illegally obtained evidence. *Gelbard v. United States,* 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972) (Omnibus Crime Control Act prohibits use of evidence unlawfully obtained through wiretap or electronic surveillance before grand jury). In this case, the alleged wrongdoing preceded the grand jury's investigation and is not protected by constitutional provision or common law. Neither is the statutory exception available because 26 U.S.C. §§ 6103 *et seq.* does not contain restrictive provisions equivalent to those in *Gelbard* nor does the legislative history suggest that such restrictions be imposed.

Jackson also argues that the District Court should have exercised its supervisory powers to disqualify the I.R.S. agents and United States attorneys at this pre-indictment investigatory stage, to ensure that if the grand jury indicts it will do so fairly and in an unbiased way. Jackson appears

to urge that the District Court's failure to so act constitutes just cause for his failure to comply with the grand jury subpoena. He argues that the grand jury's ability to be fair and unbiased is compromised by the misconduct and conflict of interest on the part of the government officials. As a threshold matter, we note that courts should not interfere in the grand jury process absent compelling reason. *United States v. Dionisio,* 410 U.S. 1, 16–18, 93 S.Ct. 764, 772–73, 35 L.Ed.2d 67 (1973). Although we do not decide for this Circuit whether the court's supervisory powers extend, in general, to the preindictment, investigatory stage, we note that the cases that have allowed such judicial intervention have required that serious abuses first be shown. *United States v. United States District Court,* 238 F.2d 713, 722 (4th Cir.1956), *cert. denied,* 352 U.S. 981, 77 S.Ct. 382, 1 L.Ed.2d 365 (1957); *In re Grand Jury 79–01,* 489 F.Supp. 844, 847 (N.D.Ga.1980); *United States v. Johns-Manville Corp.,* 213 F.Supp. 65, 72 (E.D.Pa.1962); *Application of Iaconi,* 120 F.Supp. 589, 591 (D.Mass.1954). In *In re April 1977 Grand Jury Subpoenas,* 584 F.2d 1366 (6th Cir.1978) (en banc), *cert. denied,* 440 U.S. 934, 99 S.Ct. 1277, 59 L.Ed.2d 492 (1979), the Sixth Circuit suggested that the disqualification of a special prosecutor on the ground of conflict of interest could be raised on appeal from a contempt citation at the preindictment, investigatory stage. *Id.* 1370. Although this issue is properly before this Court under *April 1977 Grand Jury Subpoenas,* we find no failure on the part of the District Court in refusing to exercise its supervisory powers, and therefore no just cause for Jackson's actions, because no serious abuses or compelling reasons exist in this case.

The alleged misconduct, which we assume *arguendo* to be unlawful in this portion of our opinion, is that the I.R.S. agents improperly conveyed taxpayer return information to the Assistant United States attorneys in 1981. The assistant United States attorneys are charged with improperly receiving, participating in and condoning the disclosure of taxpayer return information. Jackson appears to argue that the conflict

of interest arises because the assistant United States attorneys and I.R.S. agents may be expected to be fearful that they will be discovered in their historical wrongdoing and will improperly manipulate the present grand jury to justify and vindicate their prior wrongs. These conclusory allegations are simply insufficient to warrant the court's intervention, through the use of its supervisory powers, into grand jury proceedings. Use of a court's supervisory powers to disqualify government officials from proceeding before a grand jury based on conclusory allegations of conflict of interest or speculation as to possible improprieties does nothing to promote "a fair method of instituting criminal proceedings," *Costello v. United States,* 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956), protect "citizens against arbitrary and oppressive governmental action," *Calandra, supra,* 414 U.S. at 343, 94 S.Ct. at 617, or assure the "protection of citizens against unfounded criminal prosecutions," *Branzburg v. Hayes,* 408 U.S. 665, 686, 92 S.Ct. 2646, 2659, 33 L.Ed.2d 626 (1972). Whether a government official who appears before a grand jury labors under a conflict of interest or whether his conduct oversteps the bounds of propriety must be determined by a factual inquiry, after indictment, not by mere conjecture or speculation beforehand.

As a final matter, even if this Court found that the grand jury proceeding would be tainted by the possibility of conflict of interest or the appearance of impropriety, Jackson would not be justified in refusing to testify until the entire United States Attorney's Office and the two I.R.S. agents were removed from the proceedings. In *United States v. Caggiano,* 660 F.2d 184 (6th Cir.1981), *cert. denied,* 454 U.S. 1149, 102 S.Ct. 1015, 71 L.Ed.2d 303 (1982), this Court held that it was error for a district court to disqualify an entire United States Attorney's Office because of the alleged appearance of impropriety or conflict of interest on the part of one of its members. Conflict of interest, whether by actual impropriety or the appearance of impropriety, only disabled the person(s) causing that con-

flict and did not vicariously infect an entire government department. *Id.* 191.

The petition for rehearing is DENIED.