**MID–SOUTH MUSIC CORPORATION, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF THE TREASURY, et al., Defendants.**

Civ. A. No. 3–83–0602.

United States District Court, M.D. Tennessee.

Nov. 2, 1983.

---

John B. Link, Nashville, Tenn., for plaintiff.

Robert E. Rice, Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

**1.** The letter reads as follows:
"Re: Tax Shelter Promotion: Mid-South Music Corporation
"Dear Taxpayer:
"Our information indicates that you invested in the above-named tax shelter in 1982. Based upon our review of that promotion, the indications are that the purported tax deductions are not allowable.
"If you claim such deductions on your income tax return, your return will be examined and the deductions disallowed. With

## MEMORANDUM OPINION
## AND ORDER

NEESE, Senior District Judge, sitting by assignment.

The plaintiff Mid-South Music Corporation (Mid-South) sued the United States of America, a district-director of its Internal Revenue Service (IRS), and some 9 other officials of the IRS, demanding from each of them the sum of $1,310,740 in compensatory and punitive damages. Mid-South claims it is entitled to recover such damages because the latter 9 defendants approved the sending-of, and the district-director sent, a 4-sentence letter to certain third-parties who had participated in a tax-shelter venture sponsored by Mid-South.[1]

The defendants seek a dismissal of this action for the failure of the plaintiff to state a claim upon which relief can be granted. Rule 12(b)(6), F.R.Civ.P. That motion has merit.

### I.

The complaint advances two theories of recovery. In its first count, there is asserted a so-called *Bivens*-claim,[2] based upon an alleged deprivation by the defendants of the plaintiff's right to due process of law, Constitution, Fifth Amendment. It is alleged that the sending of the aforementioned letter was not in accordance with the procedures set-forth in the Internal Revenue Code of 1954 (Code), 26 U.S.C. §§ 1 *et seq.*, and accordingly, that the plaintiff was denied the statutory process to which it was due thereunder. Specifically, it is charged in count 1 that, instead of mailing the letter,

\* \* \* \* \* \*

respect to the tax shelter deductions, you may be subjecting yourself to a negligence penalty under Section 6653(a) and/or the overvaluation penalty under Section 6659 of the Internal Revenue Code."
It bears the purported signature of the defendant-district-director.

**2.** *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narc.,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[t]he proper actions for the Defendants would have been to file an action pursuant to Section 7408 of Title 26 of the United States Code or to audit the individual taxpayers and follow the normal tax assessment and collection procedures of the Internal Revenue Code of 1954, Title 26 of the U.S.C.A.

\* \* \* \* \* \*

Second Amended Complaint, ¶ 34.

#### A.

■ Initially, the Court notices that the United States is not suable under such a count. " \* \* \* *Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover against the official in federal court despite the absence of any statute conferring such a right. \* \* \*" *Carlson v. Green,* 446 U.S. 14, 18, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980). That case, however, did not purport to authorize the bringing of an action against the United States for the constitutional-torts of its agents; instead, a *Bivens* action is " \* \* \* against the individual officials alleged to have infringed [the plaintiff's] constitutional rights. \* \* \*" *Id.,* 446 U.S. at 20, 100 S.Ct. at 1472.

■ " \* \* \* In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity \* \* \*." *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). Since the United States has not waived its sovereign-immunity and consented expressly to be sued in a *Bivens*-type action,[3] such suits cannot be brought against the United States. *Garcia v. United States,* 666 F.2d 960, 966 (5th Cir.1982), *cert. den.,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982); *Contemporary Mission, Inc. v. U.S. Postal Service,* 648 F.2d 97, 104, n. 4 (2d Cir.1981); *Boyce*

*v. United States,* 523 F.Supp. 1012, 1016[3] (D.C.N.Y.1981); *Hampton v. Hanrahan,* 522 F.Supp. 140, 148[14] (D.C.Ill.1981). Thus, the plaintiff's claim against the United States in count 1 of its complaint fails.

#### B.

■ In the opinion of this Court, the plaintiff has not stated a cognizable Fifth-Amendment claim against the individual-defendants for their failure to follow any of the mandatory procedures of the Code.[4] In short, the factual allegations of the complaint, which are accepted as true for present purposes, do not show that the IRS followed impermissible procedures:

First, there is no merit to the contention of Mid-South that 26 U.S.C. § 7408 precluded the IRS from sending the letter in question. That provision of the Tax Equity and Fiscal Responsibility Act of 1982 authorizes the United States, at the request of the Secretary of the Treasury, to bring a civil action in a federal court to enjoin the promoters of abusive tax-shelters; it does not, however, make this the exclusive remedy available to the IRS, and it does not purport certainly to restrict the authority of the IRS to deal with the individual-taxpayers who participated in such a shelter.

The injunction-remedy, contemplated by § 7408, *supra,* is aimed solely at those who promote abusive tax-shelters and not at the investors therein. Its legislative history reflects that the Congress intended § 7408, *supra,* to be but one tool available to the IRS in its efforts to deal with the ever increasing problem of abusive tax-shelters, and that it was not intended to the exclusive method of enforcement of federal tax-laws. *See* Senate Rep. no. 97–494, pg. 269, 97th Cong.2d Sess. reprinted in 2 U.S.Cong. & Ad.News pgs. 781, 1017 (1982).

Secondly, the Court finds no support for the position of Mid-South, that the IRS was

---

**3.** A waiver of the traditional sovereign-immunity cannot be implied but must be expressed unequivocally. *United States v. Testan, supra,* 424 U.S. at 399, 96 S.Ct. at 953. Although the Congress has waived sovereign-immunity as to certain intentional common-law torts of federal employees, 28 U.S.C. § 2680(h), that waiver is of no comfort to the plaintiff herein.

**4.** The Court expresses no opinion as to whether any failure of the IRS to have followed any prescribed statutory-procedures would have amounted to a deprivation of the plaintiff's right to due process of law under the Fifth Amendment of the Constitution.

required to have utilized the *post*-filing (audit-and-assessment) procedure instead of sending pre-filing warnings to the affected taxpayers.[5] The statutory framework of the Code " * * * imposes on the Secretary of the Treasury, and the IRS as his designee, a broad duty to enforce the tax law. * * * " *United States v. Euge*, 444 U.S. 707, 716, 100 S.Ct. 874, 880, 63 L.Ed.2d 141 (1980), *reh. den.*, 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267 (1980). Their employees are required to canvass the revenue-districts and inquire-after and concerning all persons therein who may be liable to pay any internal-revenue tax. 26 U.S.C. § 7601(a); *United States v. LaSalle Nat. Bank*, 437 U.S. 298, 308, 98 S.Ct. 2357, 2363, 57 L.Ed.2d 221 (1978).

This Court is unaware of any provision in the Code which purports to preclude the IRS, in the exercise of its tax-collection responsibilities, from advising taxpayers that, if they claim certain deductions on their returns, such will be disallowed. Instead of imposing any such restriction, the Congress intended " * . * * to provide the Secretary with broad latitude to adopt enforcement techniques helpful in the performance of his tax collection and assessment responsibilities * * *." *United States v. Euge, supra,* 444 U.S. at 716, n. 9, 100 S.Ct. at 880, n. 9.

Even where our legislators have provided a specific method for the collection of taxes, the Secretary may use " * * * other reasonable devices or methods as may be necessary or helpful in securing a complete and proper collection of the tax. * * * " 26 U.S.C. § 6302(b). In the opinion of this Court, the sending of the brief letter involved herein constituted merely such a reasonable device or method.

Thus, the plaintiff has not stated under count 1 of its complaint a claim upon which relief can be granted against the individual-defendants.[6]

## II.

In count 2 of its complaints, Mid-South asserts that the defendants violated the nondisclosure provisions of the Tax Reform Act of 1976, 26 U.S.C. § 6103(a). It alleges a claim arising under 26 U.S.C. § 7431(a)(1), on the ground that the 4-sentence letter disclosed "return information" in violation of § 6103(a), *supra.*

### A.

■ 26 U.S.C. § 7431(a)(1)[7] authorizes the bringing of a civil action for damages against the United States if any of its officers or employees should violate the nondisclosure provisions of § 6103(a),[8] *supra.* Where as here it is alleged that the unlawful disclosure was made by personnel of the national government, the only proper party-defendant is the United States, and the individual officers or employees who may have made the improper disclosure are not suable.[9] *Cf. Windsor v. The Tennessean, supra,* 719 F.2d at 160. Accordingly, the plaintiff has not stated, under count 2 of its complaint, a claim upon which relief

---

**5.** The Court also expresses no opinion as to whether the plaintiff has standing to complain about the method used by the IRS to collect income-tax revenue from taxpayers other than the plaintiff.

**6.** In view of this ruling, it is unnecessary to consider the contention of the individual defendants that are immune from suit. *See Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Windsor v. The Tennessean,* 719 F.2d 155 (6th Cir.1983).

**7.** "If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United

States in a district court of the United States." 26 U.S.C. § 7431(a)(1).

**8.** An employee who makes an unlawful disclosure subjects himself to dismissal from his employment and to a $5,000 fine plus 5 years of imprisonment. *See* 26 U.S.C. § 7213(a)(1).

**9.** Where the disclosure is made by a person who is not an officer or employee of the United States, suit is authorized to be brought against such person, as opposed to the United States. 26 U.S.C. § 7431(a)(2). Thus, the Congress subjected individuals to liability only if they were not officers or employees of the United States. *See* House Conf.Rep. no. 97–760, pg. 676, 97th Cong.2d Sess. reprinted in 2 U.S.Code Cong. & Ad.News pg. 1442 (1982) ("If a U.S. officer or

could be granted against the individual defendants.

### B.

■ The United States argues that Mid-South also has not stated a cognizable claim against it because, as a matter of law, the letter involved did not disclose any "return information". The Court agrees.

" * * * 26 U.S.C. § 6103(a) mandates that returns and 'return information' shall be confidential and that no employee of the United States shall disclose any return information obtained by him in any manner in connection with his service as an employee. * * * " *In re Grand Jury Investigation,* 688 F.2d 1068, 1070 (6th Cir.1982), *reh. den.,* 696 F.2d 449 (1982). "Return information" is defined statutorily to include " * * * a taxpayer's identity * * * [and] whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing * * * ." 26 U.S.C. § 6103(b)(2)(A). Therefore, " * * * [a] taxpayer's name and the fact that he is, was or will be subject to an investigation regarding [U.S.C.] Title 26 obligations, constitutes 'return information' under section 6103(b)(2)(A)." *In Re Grand Jury Investigation, supra,* 688 F.2d at 1071.

Here, the letter did not disclose whether *the plaintiff's* return " * * * was, is being, or will be examined or subject to other investigation or processing. * * * " Instead, the letter disclosed that, if the third-party recipients of the letter claimed the questioned deductions on *their* tax-returns, *their tax-returns*—not that of the plaintiff—would be examined. This Court is simply unpersuaded by the argument of Mid-South that this letter disclosed that its own return was, is being, or will be examined; the letter made no allusion whatever to the plaintiff's tax-return.

Neither does the Court believe that the letter disclosed improperly " * * * a taxpayer's identity * * * ." The letter stated the name of the plaintiff, however; it referred to Mid-South in its status as a business entity which had promoted the venture in which the addresses of the subject-letter had invested. The letter did not identify Mid-South in its capacity as a taxpayer, rather as a business establishment. That Mid-South was a taxpayer also was but coincidental.

Here, the disclosure of the plaintiff's name merely specified the venture with which the affected taxpayers had transacted business and particularized to them the particular deductions with which the IRS was concerned; there is no suggestion that the name of the plaintiff was derived by IRS from its tax return. The use by the IRS in this instance of Mid-South's name is analogous to that which occurred in *In Re Grand Jury Investigation, supra,* and did not amount to an improper disclosure under § 6103(a), *supra.*

It results, that the motion of the defendants for a dismissal of this action, for the failure of the plaintiff to state a claim upon which relief can be granted, hereby is GRANTED, and this action hereby is

DISMISSED for such reason.

---

employee knowingly or negligently discloses return information in violation of the disclosure restrictions, the wronged party will be permitted to bring a civil action for damages against the U.S. (rather than against the officer or employee).")