892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David FOUNTAIN, Plaintiff-Appellant,
v.
WEST POINT MILITARY ACADEMY; Dan Bement, Col.; Pierce
Rushton, Jr., Col.; Arthur Mulligan, Col.;
Rogers, Maj., Director of Admissions,
Defendants-Appellees.
 No. 89-1907.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1990.
 
 Before KEITH and KENNEDY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 David Fountain, a pro se Michigan resident, appeals from the district court's dismissal of his complaint filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., and the doctrine of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).
 
 
 3
 Seeking monetary and injunctive relief, Fountain sued the United States Military Academy (West Point) alleging that the Academy negligently mishandled his application to the class of 1992, resulting in defamation (libel), infringement of his first amendment right to free exercise of religion, and deprivation of his "domestic tranquility."
 
 
 4
 Following the district court's dismissal of his complaint, Fountain filed a timely appeal. Subsequently, Fountain has also filed motions seeking to proceed in forma pauperis on appeal, to compel discovery, to supplement his complaint, and to submit additional evidence.
 
 
 5
 Upon review, we conclude that the district court's judgment should be affirmed; the motion for in forma pauperis status on appeal should be granted; and the motions to compel discovery, to supplement the complaint, and to submit additional evidence should be denied.
 
 
 6
 The district court properly concluded that it lacked subject matter jurisdiction over Fountain's "common law" tort claims of defamation (libel) and negligence. Fountain's claims of defamation (libel) and negligence were brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. However, because Fountain's "common law" tort claims fall within the exceptions enumerated in 28 U.S.C. § 2680, the claims are barred by the doctrine of sovereign immunity. Diminnie v. United States, 728 F.2d 301, 303 (6th Cir.), cert. denied, 469 U.S. 842 (1984); In re "Agent Orange" Product Liability Litigation, 818 F.2d 210, 215 (2d Cir.1987), cert. denied, 484 U.S. 1004 (1988).
 
 
 7
 Further, the district court also properly concluded that it lacked subject matter jurisdiction over Fountain's Bivens -type "constitutional tort" claims. In determining that it lacked jurisdiction over Fountain's "constitutional tort" claims, the district court correctly concluded that the United States Military Academy was the sole defendant in Fountain's action. Fountain's amended complaint named the Attorney General of the United States and the United States Attorney for the Western District of Michigan as defendants; however, no claims were asserted against those individuals in the complaint. Moreover, although Fountain named several West Point staff members (Bement, Rushton, Mulligan, and Rogers) as defendants in his original complaint, no claims were asserted against them in the original complaint and they were not named as defendants in the amended complaint. Hence, the district court correctly concluded that the West Point staff members were not properly before it as defendants. Furthermore, although Fountain has named these same West Point staff members as defendants in his notice of appeal, we conclude that they are not properly before this court as defendants. Thus, based upon its conclusion that West Point was the sole defendant, the district court properly concluded that the "constitutional tort" claims were precluded by sovereign immunity. The Academy is within the Department of the Army, see 10 U.S.C. § 4331, and, as such, is protected by the doctrine of sovereign immunity. See Gnotta v. United States, 415 F.2d 1271, 1276 (8th Cir.1969), cert. denied, 397 U.S. 934 (1970). Furthermore, the United States has not waived its sovereign immunity in Bivens -type actions brought against the United States. See Brown v. United States, 653 F.2d 196, 199 (5th Cir.1981), cert. denied, 456 U.S. 925 (1982); Mid-South Music Corp. v. United States Dep't of the Treasury, 579 F.Supp. 481, 483 (M.D.Tn.1983), aff'd in part, rev'd in part, 756 F.2d 23 (6th Cir.1984).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Further, the motion for in forma pauperis status on appeal is hereby granted and the motions to compel discovery, to amend the complaint, and to submit additional evidence are hereby denied.