**Richard A. DAVIDSON,**
**Plaintiff-Appellant,**

v.

**James S. BRADY, Robert C. Greene,**
**John Doe I, John Doe II, jointly and**
**severally, Defendants-Appellees.**

No. 83–1302.

United States Court of Appeals,
Sixth Circuit.

Argued March 6, 1984.

Decided April 25, 1984.

Chris Parfitt, Jenkins, Nystrom, Hitchcock, Parfitt & Nystrom, Janis DeGennaro, argued, Southfield, Mich., for plaintiff-appellant.

John A. Smietanka, U.S. Atty., Grand Rapids, Mich., Martin F. Palus, Asst. U.S. Atty., Edward J. Snyder, J. Brian Ferrel, Robert L. Gordon, Tax Div., U.S. Dept. of Justice, Glenn L. Archer, Jr., Michael L. Paup, Richard W. Perkins, Patricia Willing, argued, Washington, D.C., for defendants-appellees.

Before MERRITT and KRUPANSKY, Circuit Judges, PHILLIPS, Senior Circuit Judge.

MERRITT, Circuit Judge.

The Tax Reform Act of 1976, as amended, Pub.L. 94–455, 90 Stat. 1687, provides *inter alia* that federal tax returns and tax return information are, with certain exceptions, confidential. 26 U.S.C. § 6103. Federal employees are prohibited from disclosing such information unless an exception is met. *Id.* The Act also creates a statutory cause of action for damages against any person who knowingly or negligently discloses any return or return information in violation of the Act. 26 U.S.C. § 7217(a).[1]

---

**1.** 26 U.S.C. § 7217, which created a cause of action against "any person" was repealed by section 357(b)(1) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. 97–248, 96 Stat. 324, as to disclosures made after September 3, 1982 (the effective date of the 1982 Act). Under the 1982 Act, damage suits for disclo-

sures made by federal employees may be brought against the United States rather than against the employees individually. The 1982 Act also transferred this provision to 26 U.S.C. § 7431. For the legislative history of Pub.L. 97–248, see 1982 U.S.Code Cong. and Adm.News at 781.

In 1978, Section 7217 was amended to provide that "[n]o liability shall arise under [section 7217] with respect to any disclosure which results from a good faith, but erroneous, interpretation of [the confidentiality statute]." The question presented in this case for wrongful disclosure is whether a plaintiff must allege bad faith on the part of the defendants to state a cause of action under section 7217.

### I.

In 1978 plaintiff-appellant Richard Davidson was served with a tax assessment, pursuant to 26 U.S.C. § 6672. In connection with this assessment, Davidson submitted to the Internal Revenue Service a Statement of Financial Condition and Other Information, along with attachments. These documents revealed Davidson's past financial transactions and present financial situation in great detail. Mr. Davidson's statement indicated, among other things, that he owed one Edward Solomon over one million dollars.

In 1979, Edward Solomon pled guilty to conspiracy to defraud the United States by impeding the function of the IRS in violation of 18 U.S.C. § 371. In the course of the normal sentencing procedure in that case, defendants-appellees in the instant case, James Brady and Robert Greene (United States Attorney and Assistant United States Attorney, respectively), prepared a sentencing memorandum which questioned the veracity of a financial statement filed by Solomon after his plea was entered pursuant to Rule 32(c), Federal Rules of Criminal Procedure. In this financial statement Solomon claimed a debt of $500,000 to Davidson. To establish the falsity of Solomon's statement, Brady and Greene attached to their sentencing memorandum the financial statement filed by Davidson with the IRS in his unrelated assessment proceeding. Brady and Greene obtained Davidson's financial statement from two unknown IRS employees, the John Doe defendants in this action.

When Davidson discovered that his financial statement had been disclosed in the Solomon action, he filed suit under 26 U.S.C. § 7217 [2] alleging a violation of 26 U.S.C. § 6103. The District Court concluded that these disclosures were permissible under section 6103(h). *Davidson v. Brady*, 559 F.Supp. 456 (W.D.Mich.1983). The complaint was dismissed.

On appeal, Davidson argues that the District Court misconstrued the relevant provisions of section 6103. We do not reach these arguments, for we conclude that to state a cause of action under section 7217 a plaintiff must plead bad faith on the part of the defendants. Since Davidson failed to plead bad faith, the dismissal of his complaint was not erroneous.

### II.

As originally enacted, section 7217 did not expressly address the effect, if any, of a defendant's good faith. However, section 701(bb)(7)(B) of the Revenue Act of 1978, Pub.L. 95–600, 92 Stat. 2763, 2923, added the following language to section 7217:

> No liability shall arise under this section with respect to any disclosure which results from a good faith, but erroneous, interpretation of section 6103.

While common law good faith immunity is generally treated as an affirmative defense, *see generally Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982), the affirmative statement by Congress that "[n]o liability shall arise" if good faith is present makes bad faith an element of a section 7217 cause of action. The policies announced in *Harlow* of avoiding excessive disruption of government and permitting the early resolution of many insubstantial claims, 457 U.S. at 818, 102 S.Ct. at 2738, militate in favor of interpreting section 7217 as requiring a plaintiff to plead facts sufficient to establish bad faith. Good faith immunity is certain to be at issue in most cases brought under section 7217, and this issue will be decisive in

---

**2.** See note 1, *supra.*

many cases. A review of Davidson's complaint shows no allegation of bad faith on the part of the defendants. Davidson therefore has failed to state a section 7217 claim. The District Court properly dismissed the complaint.

Accordingly, the judgment of the District Court is affirmed.