**Andrew B. HEIMARK**

v.

**The UNITED STATES.**

No. 213–87T.

United States Claims Court.

April 15, 1988.

Edward I. Foster, Philadelphia, for plaintiff. Blank, Rome, Comisky & McCauley, of counsel.

William K. Drew, Washington, D.C., with whom was Asst. Atty. Gen. William S. Rose, Jr., for defendant.

## ORDER

MEROW, Judge.

Plaintiff has moved pursuant to RUSCC 37(a) and 37(d) for an order compelling defendant to comply with plaintiff's production requests or, in the alternative, for the imposition of sanctions against the defendant. Both the production of documents and answers to interrogatories are requested by plaintiff.

Plaintiff has been assessed the 100 percent penalty pursuant to section 6672 of the Internal Revenue Code (IRC) for failure to pay over withholding taxes of Getting Services, Inc. (GSI) for 1979. In this claim, he is challenging that assessment.

Defendant objected to the production requests because it claimed such requests involve disclosing tax return information regarding taxpayers who are not parties to this litigation and tax returns and return information of GSI.[1] Thus, disclosure by defendant to plaintiff is barred by 26 U.S.C. § 6103(a),[2] which provides for the confi-

---

1. Plaintiff does not dispute that all information requested involves either tax returns or return information.

2. 26 U.S.C. § 6103 provides in relevant part:

"§ 6103. *Confidentiality and disclosure of returns and return information*

(a) *General rule.*—Returns and return information shall be confidential, and except as authorized by this title—

(1) no officer or employee of the United States

\* \* \* \* \* \*

shall disclose any returns or return information obtained by him in any manner in connection

dentiality of tax returns and return information and prohibits disclosure thereof, except as authorized. *See Church of Scientology of California v. Internal Revenue Service,* —— U.S. ——, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987) 108 S.Ct. at 274 ("In addition to the returns themselves, which are protected from disclosure by § 6103(b)(1), § 6103(b)(2) contains an elaborate description of the sorts of information related to returns that respondent is compelled to keep confidential.").

Plaintiff provides several theories pursuant to which defendant may disclose the requested tax information, citing to 26 U.S.C. § 6103(h)(2) and (4).[3] In the alternative,

with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term 'officer or employee' includes a former officer or employee.

(b) *Definitions.*—For purposes of this section—

(1) *Return.*—The term "return" means any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.

(2) *Return information.*—The term 'return information' means—

(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and

(B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110, but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer. * * *

(3) *Taxpayer return information.*—The term 'taxpayer return information' means return information as defined in paragraph (2) which is filed with, or furnished to, the Secretary by or on behalf of the taxpayer to whom such return information relates.

(4) *Tax administration.*—The term 'tax administration'—

(A) means—

(i) the administration, management, conduct, direction and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party,

\* \* \* \* \* \*

(B) includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes or conventions.

\* \* \* \* \* \*

(8) *Disclosure.*—The term 'disclosure' means the making known to any person in any manner whatever a return or return information."

\* \* \* \* \* \*

3. 26 U.S.C. § 6103(h)(2) and (4) provides in relevant part:

"(h) *Disclosure to certain Federal officers and employees for purposes of tax administration, etc.*—

\* \* \* \* \* \*

(2) *Department of Justice.*—In a matter involving tax administration, a return or return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) personally and directly engaged in, and solely for their use in, any proceeding before a Federal grand jury or preparation for any proceeding (or investigation which may result in such a proceeding) before a Federal grand jury or any Federal or State court, but only if—

(A) the taxpayer is or may be a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability in respect of any tax imposed under this title;

(B) the treatment of an item reflected on such return is or may be related to the resolution of an issue in the proceeding or investigation; or

(C) such return or return information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation.

\* \* \* \* \* \*

(4) *Disclosure in judicial and administrative tax proceedings.*—A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only—

(A) the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection

plaintiff claims that the requested information constitutes its own taxpayer return information.

Defendant responds that none of the requested information is part of the plaintiff's taxpayer return information and, thus, may only be disclosed pursuant to an exception to 26 U.S.C. § 6103(a), *i.e.*, 26 U.S.C. § 6103(h)(4). According to defendant, it has produced, on the ground that the information is plaintiff's own return information, all documents, relating to the assessment of the section 6672 penalty against plaintiff, that could be disclosed under section 6103. In addition, defendant has produced Forms 4180 for taxpayers other than plaintiff, after deleting personal information, which summarize the results of interviews with the various persons regarding the unpaid payroll taxes of GSI for the four quarters of 1979. As to the other information and IRS forms relating to these taxpayers that plaintiff requests, defendant claims they relate to whether those taxpayers will be assessed under section 6672 and thus cannot be considered plaintiff's return information. Nor can the requested returns and return information of GSI be considered plaintiff's return information because such documents concern GSI's tax liabilities.

■■■ Plaintiff makes an original argument to the effect that, since it has been assessed the 100 percent penalty following an IRS investigation to determine the responsible persons at GSI, any information gathered by the IRS, including that about or from third parties, must be related to the IRS' decision to assess the plaintiff the 100 percent penalty and thus would be plaintiff's "return information," which may be disclosed to plaintiff as a person having a "material interest," pursuant to section 6103(e).[4] Although this is an interesting argument, plaintiff offers no support for such an interpretation of "taxpayer return information." The legislative history of the Tax Reform Act of 1976, Pub.L. No. 94–455, 90 Stat. 1520, of which the amendments to section 6103 are a part, indicates as follows:

"Taxpayer return information" is return information which is filed with or furnished to the IRS by or on behalf of the taxpayer to whom the return information relates. This includes, for example, data supplied by a taxpayer's representative (e.g., his accountant) to the IRS in connection with an audit of his return. It would also include any data received by the IRS from a taxpayer's representative pursuant to an administrative summons which was issued in connection with an IRS civil or criminal tax investigation of the taxpayer.

---

with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title;

(B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;

(C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; or

(D) to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

However, such return or return information shall not be disclosed as provided in subparagraph (A), (B), or (C) if the Secretary determines that such disclosure would identify a confidential informant or seriously impair a civil or criminal tax investigation."

**4.** This section provides in relevant part:

"(e) *Disclosure to persons having material interest.—*

(1) *In general.—*The return of a person shall, upon written request, be open to inspection by or disclosure to—

(A) in the case of the return of an individual—

(1) that individual,

\*      \*      \*      \*      \*      \*

(D) in the case of the return of a corporation or a subsidiary thereof—

(i) any person designated by resolution of its board of directors or other similar governing body,

(ii) any officer or employee of such corporation upon written request signed by any principal officer and attested to by the secretary or other officer,

(iii) any bona fide shareholder of record owning 1 percent or more of the outstanding stock of such corporation, \* \* \*."

*See* S.Rep. No. 94–938, 94th Cong., 2d Sess. 319 (1976), U.S.Code Cong. & Admin.News 1976 pp. 2897, 3748. Thus, "taxpayer return information" includes all data provided by the taxpayer and/or by a representative of the taxpayer to the IRS or in connection with an audit or tax investigation of the taxpayer. However, there is nothing in the legislative history to suggest that data gathered pursuant to an IRS investigation of third parties regarding their own tax liabilities which may lead to the investigation of the taxpayer becomes the taxpayer's return information because one investigation led to the other. In other words, data provided by third parties and their representatives about those taxpayers' tax liabilities is their "taxpayer return information" and not that of another taxpayer who may become subject to an investigation by reason of that data. Since plaintiff offers no support for this argument, it is determined that disclosure of the requested data regarding GSI and third party taxpayers cannot be allowed pursuant to section 6103(e) under a theory that such "data" is the taxpayer/plaintiff's return information within the meaning of section 6103(b)(3).

▮ Plaintiff also argues that the requested data may be disclosed pursuant to section 6103(h)(2) and (4). However, the requested information may not be disclosed pursuant to section 6103(h)(2) as this section provides the conditions for disclosure to officers and employees of the Department of Justice. *See Estate of John Stein v. United States,* 81–1 USTC ¶ 13,405 (Dist. Neb.1981), in which the court found at 87,-488 that "[i]t is important to note that this exception [section 6103(h)(2)] only authorizes the I.R.S. to disclose a return or return information to employees of the Department of Justice. The exception does not authorize the Justice Department's employees to disclose this information in a judicial proceeding." Accordingly, it is concluded that the exception governing disclosure in a judicial proceeding involving tax administration is found in section 6103(h)(4). *See, generally, Mertens Law of Fed. Income Tax* § 47.52r, wherein it is stated that "[t]he rules governing the disclosure of returns or return information in a tax proceeding are substantially similar to those governing disclosure to the Department of Justice, except that in addition to the item and transactional tests, the third-party items and transactions must have a direct relationship to the resolution of an issue of the taxpayer's liability." (Footnotes omitted.)

Specifically, section 6103(h)(4) provides that return or return information may be disclosed in a judicial proceeding pertaining to tax administration only if (1) the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's liability for any tax imposed under the title, (2) the treatment of an item reflected on the return "is directly related to the resolution of an issue in the proceeding," (3) the return or return information directly relates to a transactional relationship between a party to the proceeding and the taxpayer "which directly affects the resolution of an issue in the proceeding,"[5] or (4) federal criminal rules require disclosure. *See* 26 U.S.C. § 6103(h)(4)(A)–(D).

▮ Defendant does not dispute that the instant proceeding pertains to tax administration. However, it raises an issue whether the requirements of section 6103(h)(4) are satisfied.

With respect to the corporation's income tax and employment tax returns and return information, defendant's position is that, since plaintiff has not verified that he is a person having a material interest therein, only returns relating to 1979 may be disclosed, if located, because that is the only tax year in issue regarding the unpaid withholding taxes of GSI. *See* 26 U.S.C. § 6103(e)(1)(D). Thus, 1979 is the only year for which plaintiff can show the requirements of 26 U.S.C. § 6103(h)(4) for

---

**5.** In *First Western Government Securities, Inc. v. United States,* 796 F.2d 356 at 361 (10th Cir. 1986), the court stated with respect to section 6103(h)(4)(C) that "the statute does not require the disclosure to be 'necessary' to the resolution of the proceeding, it must only directly affect the resolution of an issue in the proceeding."

disclosure could be met. In that connection, plaintiff is seeking disclosure of the income tax returns of GSI for taxable years ending in 1977, 1978, 1979 and 1980, transcripts of account for those respective years, and the employment tax returns and transcripts of account for the quarter ending December 31, 1979 and for the four calendar quarters of 1978 and the first two calendar quarters of 1980. Defendant states it has disclosed all the requested data pertaining to GSI for 1979 that it has been able to locate.[6] In summary, according to the government, GSI's returns and return information for other periods cannot directly relate to or affect the issue in this case which involves only the year 1979 and, thus, disclosure of the requested information pertaining to GSI for other periods would be improper.

■ As to the requested return information with respect to other officers, directors and employees of GSI, the government argues the "transactional relationship" test is not met because there is no direct transactional relationship between those third parties and plaintiff. In addition, defendant states "even if a transactional relationship existed, it would not directly relate to or directly affect the issue in the instant proceeding,"[7] which involves whether plaintiff was a responsible person with respect to GSI's withholding taxes for 1979, that is, for purposes of section 6672 of the IRC. Thus, the relevant transactional relationship is between plaintiff and GSI. Moreover, the requested return information regarding third party taxpayers would involve transactional relationships between the third party taxpayers and GSI, not between the third party taxpayers and plaintiff. In addition, more than one person may be liable as a responsible person under section 6672, thus, whether any other taxpayer is alleged to be a responsible person does not directly affect a resolution of the issue whether plaintiff was a responsible person pursuant to section 6672 for 1979.

In support of disclosure, plaintiff cites to cases allowing disclosure in which there was an issue about the status of persons performing services, i.e., employee versus independent contractor, for purposes of the employment tax, and the "employer" was requesting disclosure of return information regarding the person performing services.[8] Plaintiff argues disclosure should be similarly allowed here because plaintiff is seeking to determine whether the government treated other GSI officers either as responsible persons or not responsible persons and, if so, on what factual basis. The plaintiff claims the requirements of section 6103(h)(4)(C) are met because the data requested directly relates to a transactional relationship which directly affects the resolution of an issue in the proceeding.

It is determined that the requirements of section 6103(h)(4) are not satisfied regarding the requested data except possibly for the 1979 tax returns and return information of GSI. In this regard, the General Explanation of the Tax Reform Act of 1976 indicates the following:[9]

---

**6.** Defendant has not located GSI's 1979 income tax return, Form 1120. If this return exists and is located, defendant states it will make a supplemental response to plaintiff's discovery request indicating whether the return may be disclosed pursuant to section 6103(h)(4).

**7.** In *Davidson v. Brady*, 559 F.Supp. 456 (W.D. Mich., 1983), *aff'd*, 732 F.2d 552 (6th Cir.1984), the court specifically held that "[s]ubsection (h)(4)(C) is in the disjunctive rather than the conjunctive."

**8.** Since the analogous situation to that in the cited cases is disclosure of the return information of the corporation's shareholders or officers to GSI, or vice versa, these cases do not directly support disclosure of third party return information to plaintiff who is, as each of them is, a corporate officer. Thus, as the issue to be resolved herein is plaintiff's liability regarding the failure to pay over GSI's withholding taxes for 1979, and defendant claims it has produced all the requested information and documents regarding GSI for 1979 that it has been able to locate, the cited cases do not require the disclosure requested in this case regarding other tax years for GSI and regarding third party taxpayers.

**9.** *See* Sen. Rep. No. 94–938 (1976) at 325–26, U.S.Code Cong. & Admin.News 1976, pp. 3754–3755. Although the cited examples are provided with respect to the requirements of section 6103(h)(2), *i.e.*, disclosure to employees of the Justice Department, rather than for subsection (h)(4) of section 6103, the item and transactional tests are the same except that such items and transactions must have a direct relationship to

The return or return information of a third party would be disclosed to the Justice Department in the event that the treatment of an item reflected on his return is or may be relevant to the resolution of an issue of the taxpayer's liability under the Code. Thus, for example, the returns of subchapter S corporations, partnerships, estates and trusts may reflect the treatment of certain items which may be relevant to the resolution of the taxpayer's liability because of some relationship (i.e., shareholder, partner, beneficiary) of the taxpayer with the corporation, partnership, estate, or trust.

In cases involving the assessment of a penalty upon a person for failure to pay over withholding taxes, the reflection of such items on a corporate return as wages paid, taxes withheld, and the corporate office held by the person, may be relevant to the resolution of the issue of liability for the penalty.

$$* \quad * \quad * \quad * \quad * \quad *$$

The return or return information of a third party would also be disclosed to the Justice Department where the third party's return or return information relates or may relate to a transaction between the third party and the taxpayer whose tax liability is or may be at issue and the return information pertaining to that transaction may affect the resolution of an issue of the taxpayer's liability. For example, the treatment on a buyer's return regarding his purchase of a business would be relevant to the seller's tax liability resulting from the sale of the business. The buyer may be amortizing what he claims to be a covenant not to compete, whereas the seller may be claiming capital gain treatment upon the alleged sale of "goodwill."

$$* \quad * \quad * \quad * \quad * \quad *$$

The disclosure of a third party return in a tax proceeding (including the U.S. Tax Court) will be subject to the same item and transactional tests described above, except that such items and transactions must have a direct relationship to the resolution of an issue of the taxpayer's liability.

Only such part or parts of the third party's return or return information which reflects the item or transaction will be subject to disclosure both before and in a tax proceeding. Thus, the return of a third-party witness could not be introduced in a tax proceeding for purposes of discrediting that witness except on the item and transactional grounds stated above.

In those cases where the absence of the reflection of an item or transaction on a third party's return is or may be related (or directly related in a tax proceeding) to the resolution of an issue, the IRS would not be authorized to disclose such return, but would be authorized to verify in a written statement the absence of the reflection of such item or transaction.

As quoted above, in the case of a person assessed a penalty for failure to pay over withholding taxes, the reflection of various items on a corporate return and the corporate office held by the person may be relevant to resolution of the issue. In this case, defendant claims that, when (or if) it locates GSI's 1979 corporate income tax return, it will then determine if the conditions of section 6103(h)(4) are met and will file a supplemental response. It is obvious that, if there is no return or if it cannot be located, plaintiff's request in this regard cannot be granted. Thus, no decision requiring the disclosure of GSI's 1979 corporate income tax return may be made at this time.[10]

With respect to the return information of the other officers and shareholders of GSI, requested by plaintiff, it is determined that such information may not be disclosed under section 6103(h)(4)(C) because there is no transactional relationship between plaintiff and these third parties. In this connection,

---

resolution of an issue of the taxpayer's liability for purposes of the latter subsection. These examples help to explain the "item" and "transactional" tests of section 6103(h)(4)(B) and (C).

10. As stated above, other requested returns and return information for 1979 regarding GSI have been produced according to defendant.

the transactional relationship which directly affects the resolution of the issue herein is that between GSI and the plaintiff, not plaintiff and the other corporate officers and shareholders of GSI. That is, in the example set forth in the General Explanation, the treatment on a buyer's return regarding the purchase of a business would be relevant to the seller's tax liability resulting from the sale. In this case, plaintiff and the other corporate officers are not on opposite sides of a business deal for tax purposes so that the tax treatment by one would be relevant in determining the others' tax liability. The issue here to be decided is whether plaintiff was properly assessed the 100 percent penalty because he was a responsible person regarding GSI's failure to pay withholding taxes for 1979.

Moreover, regarding the second requirement of section 6103(h)(4)(C), since there can be more than one person responsible for payment of withholding taxes, the requested information concerning whether or not the IRS believed, based on its investigations, that any of these parties were also liable, and whether the IRS recommended any or all of these third parties be assessed the 100 percent penalty, does not directly affect the resolution of the issue presented herein. *See USLIFE Title Insurance Co. of Dallas v. Harbison,* 784 F.2d 1238 (5th Cir.1986), wherein the court found, at 1243, that "responsible persons under Section 6672 are held jointly and severally liable for the underlying withholding tax delinquency * * *. Therefore, the fact that more than one person is responsible for a particular delinquency does not relieve another responsible person of her personal liability, nor can a responsible person avoid collection against herself on the ground that the government should first collect the tax from someone else." The Fifth Circuit court considered a Court of Claims decision, *Gens v. United States,* 222 Ct.Cl. 407, 615 F.2d 1335 (1980), in reaching its conclusion. In *Gens,* the taxpayer, who had been assessed pursuant to section 6672, argued the government was required to abate the assessment to the extent it had already collected assessments arising from the same withholding tax liabilities from two other responsible persons. The government had collected some of the funds; however, one of the business associates had filed a suit for refund. The court held that, as the government did not have an established right to retain the funds it had collected, the taxpayer had no right to an abatement at that time. The Court of Claims stated at 415–16, 615 F.2d 1335:

> Successful collection by the Government of an assessment arising from the payroll tax liability is achieved only when the Government's right to retain an administratively made collection of the assessment is established. It has been held that the right is established 'only upon expiration of the statutory period for commencement of a refund suit or, if a refund suit is filed, upon final adjudication of the action.' Only when the Government's right to retain an administrative collection is established does it become incumbent on the Government to abate, in the amount of the collection, all 100–percent penalty assessments arising from the payroll tax liability.

(Footnotes omitted.) Furthermore, in *Godfrey v. United States,* 748 F.2d 1568 (Fed. Cir.1984), the court considered the purpose of the 100 percent penalty provision, stating at 1574–75:

> The purpose of the 100 percent penalty provision 'is to permit the taxing authority to reach those [persons] responsible for the corporation's failure to pay the taxes which are owing.' *White v. United States,* 372 F.2d 513, 516, 178 Ct.Cl. 765 (1967). * * * Accordingly, 'the section is generally understood to encompass all those officers who are so connected with a corporation as to have the responsibility and authority to avoid the default which constitutes a violation of the particular Internal Revenue Code section or sections involved, even though liability may thus be enforced on more than one person.'

(Brackets in original.)

These cases indicate that (1) there can be more than one responsible person regarding a corporation's failure to remit with-

holding taxes, and (2) the IRS has the right to proceed against any and all responsible persons until its right to retain the assessment has been finally resolved. Thus, whether or not the IRS has indicated, as reflected in the requested information based on investigations of the third parties, that it considers corporate officers other than plaintiff also to be responsible persons does not directly affect the resolution of the issue in this proceeding. Consequently, the requested information regarding the other corporate officers and shareholders may not be disclosed because the requirements of section 6103(h)(4)(C) are not met. This information is not excepted from the general rule of nondisclosure set forth in section 6103(a).

### Conclusion and Order

The 1979 corporate income tax return and return information of GSI may be subject to disclosure or, at least, some items and transactions may meet the requirements of 26 U.S.C. § 6103(h)(4). Defendant should make every effort to locate the tax return and return information expeditiously. Accordingly, it is ORDERED:

(1) If located, defendant shall file within 30 days a supplemental response stating whether the entire return and return information, or any part thereof, may be disclosed to plaintiff pursuant to 26 U.S.C. § 6103(h)(4);

(2) If defendant determines that no such return was filed with the IRS, it shall so inform the court;

(3) In any event, defendant shall file with the court within 30 days from the date of service of this order a "Status Report" indicating what steps are being taken to locate this return or to determine that no return was filed;

(4) Plaintiff's motion is otherwise denied.

No costs.