No. 95-3537

Terry L. Jones; Patricia K.          *
Jones;                               *
                                     *
       Plaintiffs-Appellants;        *
                                     *
Jones Publishing, Inc.;              *
                                     *
                     Plaintiff;      *
                                     *
Jones Oil Company, Inc.;    *
                                     *
       Plaintiff-Appellant;          *
                                     *
Jones Petroleum Company, a           *
partnership; J. O. Holding,          *
Inc., formerly known as Jones        *
Oil Company, Inc.;                   *
                                     *
                     Plaintiffs;     *
                                     *  Appeal from the United States
          v.                         *  District Court for the
                                     *  District of Nebraska.
United States of America;   *
Stephen L. Tinsley; Sandy   *
Job-Rivera; Christie Stubbert;       *
Christie Stubbert; Charles           *
Vonderschmitt; John Doe,    *
Unknown Internal Revenue    *
Service, Department of the           *
Treasury and Department of           *
Justice Employees; Jane Roe,         *
Unknown Internal Revenue    *
Service, Department of the           *
Treasury and Department of           *
Justice Employees; Richard           *
Roe, Unknown Internal Revenue        *
Service, Department of the           *
Treasury and Department of           *
Justice Employees;                   *
                                     *
       Defendants-Appellees.         *

Submitted:  September 9, 1996

Filed:  October 11, 1996

Before FAGG, HEANEY, and BEAM, Circuit Judges.

HEANEY, Circuit Judge.

Terry L. Jones and Patricia K. Jones appeal the dismissal of their suit against the United States for the disclosure of return information by an Internal Revenue Service (IRS) agent to a confidential informant that resulted in damage to their business.  The district court held that the disclosure violated 26 U.S.C. § 6103 and did not fall under any statutory exception to section 6103, but that because the agent made a good faith, but erroneous interpretation of the statute, the government was not liable in civil damages.  We affirm in part, reverse in part, and remand for further consideration consistent with this opinion.

**I.**

Terry and Patricia Jones owned and controlled Jones Oil Company, Inc. (Jones Oil) in Lincoln, Nebraska.  In 1989, two unnamed individuals contacted the IRS office in Omaha, Nebraska, alleging that Jones Oil had been violating motor fuel excise tax requirements.  Agent Stennis of the IRS Criminal Investigation Division, began meeting with the individuals, who were later granted "confidential informant" status.  Agent Stennis, originally designated as the agent in charge of communicating with the informants, assured them that their identities would remain confidential.

2

Shortly thereafter, IRS agents from Indiana contacted Agent Stennis regarding alleged violations of motor fuel excise tax laws in the region. In late 1989 or early 1990, Agent Tinsley, one of the Indiana agents, arrived in Nebraska and took over the Jones Oil investigation.

Agent Tinsley and Agent Stennis, who continued to assist with the investigation, met several times with the informants. These meetings produced a significant amount of information about Jones Oil and its operation, which Agent Tinsley later used to obtain warrants for the search of Jones Oil.

Although Agent Stennis was not to participate in the searches, he knew the details of when and how the warrants were to be served. The day before the warrants were to be executed, he called one of the confidential informants to tell him of the impending search. The next day several agents arrived at the premises of Jones Oil to execute the search. A local television station covered the search after being tipped off by an anonymous phone call.

The IRS never charged Jones Oil with tax violations resulting from its investigation, but the company suffered significantly from the negative publicity surrounding the investigation and eventually declared bankruptcy. Jones Oil filed this suit against the federal government under 26 U.S.C. § 7431(a)(1)[1] alleging that Agent

---

[1]26 U.S.C. § 7431(a)(1) (1988) provides:

**(a) In general**

  **(1) Disclosure by employee of the United States**

If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Stennis revealed return information to the informant in violation of 26 U.S.C. § 6103.[2]

At trial, Agent Stennis testified that he did not consult IRS manuals or anyone in the IRS, including Agent Tinsley, before notifying the informant of the impending search; nor could he cite the specific statute governing disclosure. He stated that he had been educated about the provision and that he believed an agent had a right to disclose return information to an informant if the agent believed it necessary for the informant's safety, a condition he felt had been satisfied.

The district court held that the disclosure by Agent Stennis violated section 6103, but that Jones Oil was not entitled to damages from the government because Agent Stennis acted on the basis of a good faith, but erroneous, interpretation of the statute.[3]  Jones Oil appeals.

---

[2]26 U.S.C. § 6103(k)(6) (1988) provides:

**(6) Disclosure by internal revenue officers and employees for investigative purposes.**

An internal revenue officer or employee may, in connection with his official duties relating to any audit, collection activity, or civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

[3]The district court relied upon 26 U.S.C. § 7431(b) to hold that no governmental liability arose from the disclosure. Section 7431(b) provides:

**(b) No liability for good faith but erroneous**
**            interpretation**

4

**II.**

A.  Violation of Section 6103

We agree with the district court that Agent Stennis's disclosure to the informant violated section 6103.  The district court properly determined that the disclosure was not authorized by the taxpayer, was made knowingly or by reason of negligence, and revealed "return information" as defined in section 6103.[4]  See Jones v. United States, 898 F. Supp. 1360, 1376 (D. Neb. 1995).  We also agree that the disclosure did not fall into any of the exceptions to the general rule against disclosure contained in 26 U.S.C. § 6103(c)-(o).  Id. at 1377.

B.  Good Faith Exception

We part company with the district court, however, in its analysis of whether Jones Oil can recover damages from the government due to the improper disclosure.  The district court held that the language of section 7431(b) -- "[n]o liability shall arise . . . from a good faith, but erroneous interpretation of section

---

No liability shall arise under this section with respect to any disclosure which results from a good faith, but erroneous, interpretation of section 6103.

[4]Return information includes:

a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, [or] **whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing** . . . .

26 U.S.C. § 6103(b)(2) (emphasis added).

5

6103" -- requires the plaintiff to prove "bad faith" on the part of the disclosing party to succeed under section 7431.[5]

The district court relied on <u>Davidson v. Brady</u>, 732 F.2d 552 (6th Cir. 1984) for the proposition that, through the language of the predecessor statute to section 7431,[6] Congress intended to make "bad faith" an element the plaintiff must prove. <u>Id.</u> at 553. In <u>Davidson</u>, the court stated that "the policies . . . of avoiding excess disruption of government and permitting the early resolution of insubstantial claims . . . militate interpreting [the predecessor statute to section 7431] as requiring a plaintiff to plead facts specific to establish bad faith." 732 F.2d at 553 (citations omitted). We disagree.

The burden of pleading and proving good faith under section 7431 rests with the government, not the complaining party. In <u>Rorex v. Traynor</u>, 771 F.2d 383, 387 (8th Cir. 1985), we held that the good faith defense to a section 6103 violation is analogous to the immunity defense provided to government officials performing discretionary functions. <u>See</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982) (establishing protection from civil damages for government officials who perform their duties without violating "clearly established statutory or constitutional rights of which a reasonable person would have known"). The Supreme Court has held that "[q]ualified or `good faith' immunity is an affirmative

---

[5]The district court added a fourth element that "may need to [be] prove[d]" to the three statutory elements for an unlawful disclosure of return information claim. <u>Jones</u>, 898 F. Supp. at 1374. The court held that, where circumstances warrant, the plaintiff must prove that the government employee acted in "bad faith," stating that "the burden of proof is imposed on the plaintiff because the `good-faith' exemption from liability is not phrased as a defense in the statute, but rather as an element of the cause of action . . . ." <u>Id.</u>

[6]26 U.S.C. § 7217 (1978).

defense that must be pleaded by a defendant official."[7]  <u>Harlow</u>, 457 U.S. at 815 (citing <u>Gomez v. Toledo</u>, 446 U.S. 635 (1980)).

Further, Congress intended to protect the privacy of taxpayers in enacting section 6103,[8] creating narrow exceptions to its prohibition against revealing taxpayer return information. <u>See</u> 26 U.S.C. § 6103(c)-(o) (1996).  The most effective means of preventing a disruption in government operations resulting from claims against the government is for agents handling tax return information to abide by the regulations Congress set forth to protect taxpayer privacy.  A taxpayer who is able to prove the elements required by section 7431(a)(1) to show an improper disclosure of return information can hardly be said to bring an "insubstantial claim."

---

[7]Although section 7431 requires that a claim be brought against the government rather than against the individual agent, the application of the government's "good faith" defense applies to the agent's actions in the same fashion as in <u>Harlow</u>.

[8]Congress has stated that the purpose of the law giving rise to section 6103 is to "strengthen the rights of taxpayers." <u>Diamond v. United States</u>, 944 F.2d 431, 434 (8th Cir. 1991) (quoting H.R.Rep. No. 658, 94th Cong., 1st Sess. 7 (1975) <u>reprinted in</u> 1976 U.S. Code Cong. & Admin. News 2897, 2902).  Moreover, the Supreme Court determined that "[s]ection 6103 of the Internal Revenue Code sets out the general rule that `returns' and `return information' as defined therein shall be confidential." <u>Church of Scientology v. IRS</u>, 484 U.S. 9, 10, 98 L. Ed.2d 228, 232 (1987) (citations omitted).

Other circuits have likewise rejected <u>Davidson</u>.[9]  In <u>Barrett v. United States</u>, 51 F.3d 475 (5th Cir. 1995), <u>cert. denied</u>, 492 U.S. 926 (1989), the Fifth Circuit adopted a rule that an IRS agent "can be expected to know statutory provisions governing disclosure, as interpreted and reflected in IRS regulations and manuals."  <u>Id.</u> at 479 (citing <u>Huckaby v. United States Dep't of Treasury, IRS</u>, 794 F.2d 1041, 1048 (5th Cir. 1986)). The court continued that "[a]n agent's contrary interpretation is not in good faith."  <u>Id.</u>  Although we do not adopt the <u>Barrett</u> de facto "bad faith" rule, we hold that a failure to act in accordance with statutory provisions governing disclosure places the burden on the government to show a "good faith, but erroneous interpretation" of the statute by the IRS[10] or an individual agent.  An agent's failure to consult the statutory language as interpreted and reflected in IRS regulations and manuals prior to an improper disclosure of return information is strong evidence that the interpretation of the statute was not in good faith.

---

[9]<u>See</u> <u>Hrubec v. National R.R. Passenger Corp.</u>, 981 F.2d 962, 964 (7th Cir. 1992) (declining to follow the Sixth Circuit holding in <u>Davidson</u>); <u>Huckaby</u>, 794 F.2d at 1048 (holding a good faith defense not available where a reasonable agent is expected to know statutory provisions governing disclosure and finding the holding in <u>Davidson</u> unclear); <u>Flippo v. United States</u>, 670 F. Supp. 638, 643 (W.D.N.C. 1987), (stating that "good faith" is available as a defense to taxpayer's action for improper disclosure of return information if the unauthorized disclosure resulted from an erroneous interpretation of the disclosure statute), <u>aff'd</u>, 849 F.2d 604 (4th Cir. 1988).  <u>But see</u> <u>Fostvedt v. United States</u>, 824 F. Supp. 978, 984-85 (D. Colo. 1993) (applying the <u>Davidson</u> standard that requires a showing of bad faith on the part of the person or persons disclosing return information to succeed on a claim under predecessor statute to section 7431), <u>aff'd</u>, 16 F.3d 416 (10th Cir. 1994).

[10]In <u>Diamond v. United States</u>, 944 F.2d 431 (8th Cir. 1991), we held that an agent's reliance on a good faith, but erroneous interpretation of section 6103 in an IRS manual was sufficient to shield the government from liability under section 7431.

**III.**

Accordingly, because the district court placed the burden to prove "bad faith" on Jones Oil, we remand this case to the district court for a determination of whether the government has met its burden and demonstrated that Agent Stennis's actions met the objective standard of "good faith."

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.