Mary Charles McDONALD; Denver McDonald; Richard Maynard; Bill McDonald; Maynard & McDonald, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 95–16222.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 1996.

Decided Dec. 19, 1996.

Roderick L. MacKenzie, MacKenzie & Brody, Sacramento, CA, for plaintiffs-appellants.

Gary R. Allen, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.

Before: GOODWIN, WALLACE and RYMER, Circuit Judges.

GOODWIN, Circuit Judge:

The five plaintiffs appeal the summary judgment in favor of the United States on their claims, under 26 U.S.C. § 7431, alleging that the Internal Revenue Service violated 26 U.S.C. § 6103 in disclosing plaintiffs' tax return information. The district court concluded that because the IRS agent disclosed the information in good faith there was no liability; accordingly, it did not reach the question whether the disclosures were authorized by statute. *See* 26 U.S.C. § 7431(b). We affirm.

### I.

We must determine, as a threshold matter, what burdens of pleading each party in an improper tax disclosure case bears. The statute authorizes taxpayers to bring civil actions against the United States if any of its officers or employees "knowingly, or by reason of negligence, disclose[ ] any return or return information ... in violation of any provision of section 6103." 26 U.S.C. § 7431(a)(1). Section 7431(b), however, creates an exemption from liability for tax disclosures that "result[ ] from a good faith, but erroneous, interpretation of section 6103." 26 U.S.C. § 7431(b).

Relying on the Sixth Circuit's ruling in *Davidson v. Brady*, 732 F.2d 552, 553 (6th Cir.1984), the district court placed the burden on the plaintiffs to come forward with evidence of bad faith on the part of the agent. We disagree with *Davidson* and hold that placement of the onus on the plaintiffs was error. Good faith is an affirmative defense which the government must prove.

The statutory text of § 7431(a)(1) makes knowing or negligent disclosure of tax return information actionable. To state a claim under this statute, plaintiffs must therefore plead facts sufficient to establish the agent's knowing or negligent disclosure. The exemption afforded by § 7431(b) for disclosures based on good faith interpretations of § 6103 does not come into play until the government asserts that it relied on some interpretation of § 6103. *See Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 964 (7th Cir. 1992). Moreover, as a practical matter, the

plaintiff is not in a position at the pleading stage to demonstrate the basis for an agent's action. *See Gomez v. Toledo,* 446 U.S. 635, 641, 100 S.Ct. 1920, 1924, 64 L.Ed.2d 572 (1980) ("There may be no way for a plaintiff to know in advance whether the official [had an objectively reasonable belief that his conduct was lawful] or, indeed, whether he will even claim that he does.").

The good faith defense to a § 6103 violation is analogous to the immunity defense for government officials familiar from *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See Jones v. United States,* 97 F.3d 1121, 1124 (8th Cir. 1996). The Supreme Court has held that this good faith immunity "is an affirmative defense that must be pleaded by a defendant official." *Harlow,* 457 U.S. at 815, 102 S.Ct. at 2736. We find instructive the Supreme Court's statement that there is "no basis for imposing on the plaintiff an obligation to anticipate such a defense by stating in his complaint that the defendant acted in bad faith." *Gomez,* 446 U.S. at 640, 100 S.Ct. at 1924. Therefore, we join the Eighth Circuit in holding that the government must plead good faith under § 7431(b) as an affirmative defense in § 6103 actions. *See Jones,* 97 F.3d at 1124.

## II.

■ Although the district court improperly placed the burden on the plaintiffs to come forward with evidence of bad faith on the part of the agent, we nevertheless affirm the summary judgment for the government. In this case, the record establishes beyond dispute that Agent Pease acted in good faith reliance on 26 U.S.C. § 6103(h)(4)(C) in sending audit reports which combined information about the plaintiffs and thereby incidentally disclosed taxpayer information.

The statute authorizes disclosure "in a Federal or State judicial or *administrative proceeding* pertaining to tax administration ... if such ... return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding." 26 U.S.C. § 6103(h)(4)(C)

(emphasis added). The plaintiffs argue that the IRS acted in bad faith because an audit is an investigation and not an administrative proceeding.

■ To be held liable for unauthorized disclosure, an agent must "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738. At the time Agent Pease completed four of the audits in 1992, the only circuit court to have ruled on the point had held that an audit is an administrative proceeding. *See First Western Gov't Sec., Inc. v. United States,* 796 F.2d 356, 360 (10th Cir.1986). Prior to the completion of the fifth audit and the audit report's disclosure of Denver McDonald's return information, the Fourth Circuit decided that an audit was not an administrative proceeding. *See Mallas v. United States,* 993 F.2d 1111, 1121–24 (4th Cir.1993). At most, this division between circuits on the characterization of an audit created uncertainty in the law. In no way had it been "clearly established" that an audit was not an administrative proceeding for purposes of § 6103(h)(4)(C).

Moreover, the disclosure which resulted when Agent Pease released his audit reports to Betty Shackelford and Mary McDonald occurred in the first stage of the IRS's internal appeals process. IRS regulations describe appeals as "proceedings." *See* 26 C.F.R. § 601.106(b), (c). It was therefore a good faith interpretation of § 6103(h)(4)(C) for the agent to conclude that these disclosures were permitted at this stage in the process.

AFFIRMED.