61 F.3d 915
 76 A.F.T.R.2d 95-5896
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William T. CONKLIN, Plaintiff--Appellant, and Church Of
World Peace, Plaintiff,
v.
UNITED STATES of America, Defendant--Appellee.
 No. 95-1013.
 D.C. No. 93-Z-4.
 United States Court of Appeals,
 Tenth Circuit.
July 31, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In 1990 the Internal Revenue Service (the IRS) revoked the tax-exempt status of the Church of World Peace (CWP). The CWP then asked for a declaratory judgment regarding the revocation of its tax exempt status. In the course of that case, the IRS introduced the tax returns of plaintiff, who was a central figure in the CWP organization.
 
 
 3
 Plaintiff subsequently filed this federal action pursuant to 26 U.S.C. 7431. He claims that the introduction of his tax returns violated 26 U.S.C. 6103. Section 7431 allows civil suits against any employee of the United States who knowingly or negligently discloses a return or return information in violation of section 6103. Id. 7431(a)(1). The district court granted the government summary judgment and denied plaintiff's summary judgment motion. Plaintiff now appeals. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 4
 The government contends that the IRS could properly disclose this evidence under 26 U.S.C. 6103(h)(4)(B).[2] That section states:
 
 
 5
 A return or return information may be disclosed in a Federal or State judicial proceeding pertaining to tax administration, but only ... (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding.
 
 
 6
 Plaintiff does not claim that the information in his return was not an "issue in the proceeding" or that the information was not "directly related" to the resolution of an issue. Cf. Tavery v. United States, 32 F.3d 1423, 1428-30 (10th Cir.1994). Instead, he claims that only one item on the return was relevant to the proceedings and, consequently, it was error to introduce the entire return.
 
 
 7
 "A statute's plain meaning must be enforced." United States Nat'l Bank v. Independent Ins. Agents, 113 S.Ct. 2173, 2182 (1993). "If the language is clear and unambiguous, then the plain meaning of the words must be given effect." Resolution Trust Corp. v. Love, 36 F.3d 972, 976 (10th Cir.1994).
 
 
 8
 The statute clearly authorizes the IRS to disclose the entire return even if only one part of the return is relevant. The statute gives the government an option. Once the predicate condition is met (i.e., an item on a "return is directly related to the resolution of an issue in the proceeding," 26 U.S.C. 6103(h)(4)(B)), then the "return or return information may be disclosed," id. 6103(h)(4) (emphasis added). Because the statute is phrased in the disjunctive, the government may disclose either the return or return information once it satisfies that one of section 6103(h)(4)'s predicate requirements is met.
 
 
 9
 The government therefore did not violate section 6103 when it introduced plaintiff's entire tax return, and the district court properly entered summary judgment for the government. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The government also seeks to justify its actions under 26 U.S.C. 6103(h)(4)(C) and 7431(b). Because we decide that the IRS's actions were proper under section 6103(h)(4)(B), we need not address those issues here