T.C. Memo. 1998-40


UNITED STATES TAX COURT


JOSEPH L. GUILLO, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24225-95.                    Filed February 3, 1998.


        <u>Held</u>:  Respondent's motion for summary judgment is
granted, and for 1986 through 1990, petitioner is
liable for Federal income and self-employment taxes on
unreported income and for additions to tax under secs.
6651 and 6654, I.R.C.


Joseph L. Guillo, Sr., pro se.

<u>Rachael J. Zepeda</u>, for respondent.


                    MEMORANDUM OPINION


    SWIFT, <u>Judge</u>:  This case is before the Court under Rule

121(b) on respondent's motion for summary judgment as to

petitioner's liabilities for Federal income and self-employment taxes on unreported income and for additions to tax under sections 6651 and 6654.

Respondent determined deficiencies and additions to tax with respect to petitioner's Federal income and self-employment taxes, as follows:

|  |  | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1986 | $16,505 | $4,126 | $ 796 |
| 1987 | 20,009 | 5,002 | 1,080 |
| 1988 | 17,234 | 4,309 | 1,102 |
| 1989 | 20,522 | 5,131 | 1,389 |
| 1990 | 15,886 | 3,972 | 1,045 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All figures are rounded.

When the petition was filed, petitioner resided in Sedona, Arizona.

For 1986 through 1990, petitioner failed to file Federal income tax returns. During audit, respondent reconstructed petitioner's taxable income for the years in issue using the bank deposits method. On October 10, 1995, respondent issued to petitioner a notice of deficiency with the above adjustments.

On November 20, 1995, petitioner timely filed a petition for the years in issue. On January 22, 1996, respondent timely filed

an answer alleging, among other things, that because petitioner failed to file Federal income tax returns for the years in issue, the period of limitations on assessment had not expired. Petitioner failed to respond to the answer, and on May 21, 1996, this Court granted respondent's motion under Rule 37(c) for entry of an order that the undenied allegations in respondent's answer be deemed admitted.

During discovery, petitioner consistently refused delivery of and failed to respond to respondent's correspondence that was mailed to petitioner. On several occasions, messages, such as "return to sender" or "no such person at this location", were handwritten on the correspondence that was refused by petitioner and returned to respondent.

On October 4, 1996, after confirming petitioner's address with petitioner over the telephone, respondent served on petitioner two copies of requests for admission of factual matter, one by regular first-class mail and one by certified mail. Petitioner did not respond to the requests for admission, and, under Rule 90(c), each factual matter set forth in the requests for admission was deemed admitted.

Based on the above deemed admissions under Rules 37(c) and 90(c), the following facts are established in this case. During 1986 through 1990, petitioner was married and was self-employed as a chiropractor. For the years in issue, petitioner did not file Federal income tax returns.

During the years in issue, petitioner maintained two joint checking accounts numbered 604366 and 86409 at Peoples Bank of Oxford. Petitioner also maintained an account numbered 304380 at Citadel Federal Credit Union.

During 1986, 1987, 1988, 1989, and 1990, respectively, funds totaling $41,459, $54,824, $57,825, $59,051, and $62,755 were deposited into or credited to the above accounts on petitioner's behalf. The following schedule reflects for each year in issue the bank or credit union, account number, and total funds deposited into or credited to the above accounts.

### Deposits/Credits for 1986

| Institution | Account No. | Deposits/Credits |
|---|---|---|
| Peoples Bank of Oxford | 604366 | $ 5,632 |
| Peoples Bank of Oxford | 86409 | 25,290 |
| Citadel Fed. Cred. Union | 304380 | 10,537 |
| Total Deposits/Credits | | $41,459 |

### Deposits/Credits for 1987

| Institution | Account No. | Deposits/Credits |
|---|---|---|
| Peoples Bank of Oxford | 604366 | $ 5,405 |
| Peoples Bank of Oxford | 86409 | 37,451 |
| Citadel Fed. Cred. Union | 304380 | 11,968 |
| Total Deposits/Credits | | $54,824 |

### Deposits/Credits for 1988

| Institution | Account No. | Deposits/Credits |
|---|---|---|
| Peoples Bank of Oxford | 604366 | $13,976 |
| Peoples Bank of Oxford | 86409 | 34,771 |
| Citadel Fed. Cred. Union | 304380 | 9,078 |
| Total Deposits/Credits | | $57,825 |

| Deposits/Credits for 1989 | | |
|---|---|---|
| Institution | Account No. | Deposits/Credits |
| Peoples Bank of Oxford | 604366 | $ 6,513 |
| Peoples Bank of Oxford | 86409 | 46,481 |
| Citadel Fed. Cred. Union | 304380 | 6,057 |
| Total Deposits/Credits | | $59,051 |

| Deposits/Credits for 1990 | | |
|---|---|---|
| Institution | Account No. | Deposits/Credits |
| Peoples Bank of Oxford | 604366 | $15,064 |
| Peoples Bank of Oxford | 86409 | 32,737 |
| Citadel Fed. Cred. Union | 304380 | 14,954 |
| Total Deposits/Credits | | $62,755 |

For 1986, of the above $41,459 in total funds deposited into or credited to petitioner's accounts, $1,130 constituted interest income earned on petitioner's deposits. Petitioner was entitled to a personal exemption in the amount of $1,080.

For 1986, petitioner received taxable income in the amount of $40,379 (total deposits/credits of $41,459 less personal exemption of $1,080 equals $40,379). For 1986, petitioner's total Federal tax liability equaled $16,505, of which $11,545 constituted income taxes and $4,960 constituted self-employment taxes.

For 1987, of the above $54,824 in total funds deposited into or credited to petitioner's accounts, $1,914 constituted interest income earned on petitioner's deposits, and $1,629 constituted rental income from the Housing Authority of the City of Chester.

Petitioner was entitled to a personal exemption of $1,900 and a standard deduction of $1,880.

For 1987, petitioner received taxable income in the amount of $51,044 (total deposits/credits of $54,824 less personal exemption of $1,900 and less standard deduction of $1,880 equals $51,044). For 1987, petitioner's total Federal tax liability equaled $20,009, of which $14,622 constituted income taxes and $5,387 constituted self-employment taxes.

For 1988, of the above $57,825 in total funds deposited into or credited to petitioner's accounts, $1,596 constituted interest income earned on petitioner's deposits, $2,217 constituted rental income from the Housing Authority of the City of Chester, and $7,000 constituted a nontaxable transfer between accounts. Petitioner was entitled to a personal exemption of $1,950 and a standard deduction of $3,100.

The following schedule reflects the calculation of petitioner's 1988 taxable income.

| Petitioner's 1988 Taxable Income | |
| --- | --- |
| Item | Amount |
| Total deposits/credits | $57,825 |
| Nontaxable transfer | (7,000) |
| Personal exemption | (1,950) |
| Standard deduction | (3,100) |
| Taxable income | $45,775 |

For 1988, petitioner's total Federal tax liability equaled $17,234, of which $11,375 constituted income taxes and $5,859 constituted self-employment taxes.

For 1989, of the above $59,051 in total funds deposited into or credited to petitioner's accounts, $395 constituted interest income earned on petitioner's deposits, and $2,442 constituted rental income from the Housing Authority of the City of Chester. For 1989, petitioner also received $1,164 in interest income that was not deposited into or credited to the above accounts. Petitioner was entitled to a personal exemption of $2,000 and a standard deduction of $3,200.

The following schedule reflects the calculation of petitioner's 1989 taxable income.

| Petitioner's 1989 Taxable Income | |
|---|---|
| Item | Amount |
| Total deposits/credits | $59,051 |
| Interest income | 1,164 |
| Personal exemption | (2,000) |
| Standard deduction | (3,200) |
| Taxable income | $55,015 |

For 1989, petitioner's total Federal tax liability equaled $20,522, of which $14,272 constituted income taxes and $6,250 constituted self-employment taxes.

For 1990, of the above $62,755 in total funds deposited into or credited to petitioner's bank accounts, $371 constituted

interest income earned on petitioner's deposits, $3,490 constituted taxable Social Security benefits, $2,486 constituted rental income from the Housing Authority of the City of Chester, $11,004 constituted nontaxable transfers between petitioner's accounts, and $3,490 constituted nontaxable Social Security benefits.

Also for 1990, petitioner received $2,639 in interest income that was not deposited into or credited to his accounts. Petitioner was entitled to a deduction of $2,961 for one-half of his self-employment tax liability, a personal exemption of $2,050, and a standard deduction of $3,375.

The following schedule reflects the calculation of petitioner's 1990 taxable income.

| Petitioner's 1990 Taxable Income | |
|---|---|
| Item | Amount |
| Total deposits/credits | $62,755 |
| Interest income | 2,639 |
| Nontaxable transfers | (11,004) |
| Nontaxable Social Security income | (3,490) |
| One-half self-employment taxes | (2,961) |
| Personal exemption | (2,050) |
| Standard deduction | (3,375) |
| Taxable income | $42,514 |

For 1990, petitioner's total Federal tax liability equaled $15,886, of which $9,964 constituted income taxes, and $5,922 constituted self-employment taxes.

For 1986 through 1990, petitioner did not have reasonable cause for failing to file his Federal income tax returns.

Also for the years in issue, petitioner did not pay any estimated taxes, and petitioner did not qualify under section 6654(e) for an exception to the statute requiring payment of estimated taxes.

Discussion

Summary judgment or partial summary judgment may be granted if pleadings, answers to interrogatories, admissions, and other acceptable material show that no genuine issue as to any material fact exists and that a decision may be entered as a matter of law. Rule 121(b). This Court has held in numerous cases that deemed admissions alone may support summary adjudication in favor of respondent in cases involving unreported income. Frazier v. Commissioner, 91 T.C. 1, 12-13 (1988); Marshall v. Commissioner, 85 T.C. 267 (1985); Doncaster v. Commissioner, 77 T.C. 334, 337-338 (1981).

Where a motion for summary judgment is made and supported as provided under Rule 121, the opposing party may not rest upon mere allegations or denials in pleadings, but the opposing party must set forth specific facts showing that there exists a genuine issue for trial. Rule 121(d).

Where affirmative allegations and requests for admission are deemed admitted under Rules 37(c) and 90(c), facts underlying the deemed admissions are conclusively established unless the Court on motion permits withdrawal or modification of the admissions.

See Rule 90(c); Marshall v. Commissioner, supra at 271-273; Morrison v. Commissioner, 81 T.C. 644, 651 (1983); Doncaster v. Commissioner, supra at 336-337.

Respondent argues for the years in issue that the deemed admissions establish that petitioner received unreported income, that petitioner is liable for the deficiencies and additions to tax, and that respondent is entitled to summary judgment as a matter of law.

Petitioner opposes respondent's motion for summary judgment on the grounds that the presumption of correctness should not attach to respondent's determination of unreported income, that, without supporting evidence, the deemed admissions fail to prove that petitioner received unreported income, and that petitioner was not required to provide respondent with any information through discovery or otherwise that would aid respondent in satisfying respondent's burden of proof as the moving party on the motion for summary judgment.

We agree with respondent, and we reject petitioner's arguments as unpersuasive and without merit.

The deemed admissions in this case are sufficiently factual to support a summary adjudication in favor of respondent. The admitted facts establish that petitioner received unreported income during the years in issue in the amounts determined by respondent, that petitioner, without reasonable cause, failed to

file Federal income tax returns, and that petitioner failed to pay estimated taxes.  Petitioner has offered no credible facts that contradict the deemed admissions.

Petitioner's argument that he may ignore respondent's discovery requests where respondent bears the burden of proof on an issue lacks merit.  Under Rule 70(b), nonprivileged information should be provided in discovery if the information is reasonably calculated to lead to discovery of admissible evidence.  Who bears the burden of proof on an issue has no effect on the obligation to comply with appropriate discovery requests.  Rule 70(b); Piscatelli v. Commissioner, 64 T.C. 424, 426 (1975).

For the reasons stated above, we conclude that factual allegations and admissions that were deemed admitted under Rules 37(c) and 90(c) establish that petitioner received unreported income during the years in issue, and we have found that petitioner is liable for deficiencies and additions to tax as determined by respondent.  Accordingly, we conclude that no factual matter remains in dispute, and we grant respondent's motion for summary judgment as a matter of law.

> An appropriate order
> and decision for respondent
> will be entered.