148 T.C. No. 11

UNITED STATES TAX COURT

MESCALERO APACHE TRIBE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28120-14.                          Filed April 5, 2017.

R reclassified P's workers as employees and determined that P owed the applicable withholding tax under I.R.C. section 3402(a). P moved for discovery of the workers' return information because under I.R.C. section 3402(d) the workers' independent payment of their income tax would absolve P of its liability. R objects under I.R.C. section 6103 because the information P requests is confidential taxpayer information.

Held: The disclosure of third-party taxpayer information to absolve an employer of his I.R.C. section 3402(a) tax liabilities is not barred under I.R.C. section 6103(h).

Held, further, the fact that the burden of proof is on P to show its workers paid income tax does not make their confidential return information nondiscoverable.

David P. Leeper and John E. Leeper, for petitioner.

Jason D. Laseter, for respondent.

OPINION

HOLMES, Judge:  This is a worker classification case about hundreds of workers whom their employer--an Indian tribe--called independent contractors but whom the Commissioner called employees.  The Mescalero Apache Tribe has moved to compel discovery of the IRS's records of those workers and argues that whatever it finds will likely lead to a rapid settlement of the case one way or another.  The Commissioner argues that the information is protected from disclosure by the Code itself, and even if disclosable is not discoverable.  Our Court has apparently never analyzed this issue.

Background

The Mescalero Apache Tribe is recognized under the Indian Reorganization Act of 1934 and has a reservation in south-central New Mexico.  25 U.S.C. sec. 476 (2012).[1]  The Tribe has about 5,000 members and its own government. During the 2009-11 tax years the Tribe either employed or contracted with several

---

[1] Title 25 U.S.C. section 476 has been transferred to 25 U.S.C. section 5123.

hundred workers. During each of these years the Tribe timely issued Forms W-2 to its employees, and Forms 1099 to its contractors. This case began when the Commissioner audited the Tribe on suspicion that some of the workers classified as contractors were really employees.

The Tribe still contests the Commissioner's reclassification of those it called contractors, but it's really fighting the major consequence of that reclassification--a large tax bill.[2] Reclassification would make the Tribe liable for taxes for its workers whom it improperly labeled as contractors. But it sees a way out: Section 3402 lets an employer in this situation escape tax liability if it can show the workers whom it labeled independent contractors paid income tax on their earnings. See also sec. 31.3402(d)-1, Employment Tax Regs. One way to do this would be for the Tribe to ask each worker to complete Form 4669, Statement of Payments Received. Internal Revenue Manual pt. 4.23.8.4 (Oct. 26, 2015). The Tribe tried to do just that, but it was only partly successful because many of the Tribe's former workers have moved, and some live in hard-to-reach areas

---

[2] Section 7436(a) gives us jurisdiction to determine the correct amounts of employment taxes in a worker-classification case. See also Menard, Inc. v. Commissioner, 130 T.C. 54, 60-61 (2008); Orion Contracting Tr. v. Commissioner, T.C. Memo. 2006-211. (Unless stated otherwise, all section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.)

where they lack cell-phone service and even basic utilities. The Tribe was in the end unable to find 70 of these workers and thus could not secure executed Forms 4669 from them.

This case was first on the Court's 2015 trial calendar for El Paso, Texas, but we continued it because the parties agreed that it was going to require a greater-than-average amount of pretrial work. That brings us to the discovery issue: The Tribe wants the IRS to search the records of those 70 workers to determine whether they reported their Form 1099 income and paid their tax liabilities and then to adjust the Tribe's liability accordingly.[3] The Tribe was eager to get this information. It made its first motion to compel discovery before even trying informal discovery. We denied the motion without prejudice as premature. See Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). When, as was probably inevitable, informal discovery didn't cause the Commissioner to give up the information, the Tribe again moved to compel discovery of the Commissioner's

_____

[3] The Commissioner normally accepts Form 4669, Statement of Payments Received, as prima facie evidence that a worker filed an individual income-tax return *and* paid the income tax due. This relieves the employer of its withholding-tax liability under section 3402(d). IRM pt. 4.23.8.4.3(1) (Oct. 26, 2015); id. pt. 8.7.16.5(3) (Oct. 1, 2015). What an employer may use to substantiate its claim under section 3402(d) in the absence of Forms 4669 is not entirely clear, and the Tribe in this motion asks specifically that the Commissioner produce the *information* that would appear on a Form 4669 for each worker identified in the notice of determination.

records, but it was not in compliance with Rule 71(c) because it failed to attach the required documentation.[4] The Tribe's current motion to compel discovery--this time in compliance with our Rules--asks that we decide an issue that it turns out we have not yet analyzed in any opinion: Can an employer take discovery of its workers' IRS records to reduce its own tax liability under section 3402?

The Commissioner objects, claiming that this is barred under section 6103 and that it amounts to a prohibited shift of the burden of proof from the Tribe to the Commissioner.

## Discussion

Section 3402(a) requires every employer to deduct and withhold a tax on the wages it pays. Sec. 31.3402(a)-1(b), Employment Tax Regs. The employer itself is liable for this withholding tax. Sec. 3403. But the tax is really in aid of the tax owed by the employee on the income he earns. The employee gets a credit on his income-tax bill for the money withheld by his employer from his paycheck. See, e.g., Slodov v. United States, 436 U.S. 238, 243 (1978). An employer can get hit with a big tax bill if it misclassifies its employees as independent contractors because it would not have collected and paid over this withholding tax. But what

---

[4] Rule 71(c) requires a moving party to "annex the interrogatories to the motion, with proof of service on the other party, together with the answers and objections, if any."

if the employee actually paid the tax on his income even though it wasn't withheld?  The answer is that the employer is off the hook--section 3402(d) provides:

> If the employer, in violation of the provisions of this chapter, fails to deduct and withhold the tax under this chapter, and thereafter the tax against which such tax may be credited is paid, the tax so required to be deducted and withheld shall not be collected from the employer * * *.

The Tribe wants to take advantage of section 3402(d) in this case.  But how?  It tried to find its old workers and get them to fill out the form the IRS wants employers in this situation to use, but the Tribe argues that the information is just sitting there in the IRS's records.

Isn't that what discovery is for?

I.     Section 6103

The Commissioner first argues that he is barred by section 6103 from disclosing information to the Tribe.  Section 6103(a) does provide a general rule that returns and the information on returns should be kept confidential.  A "return" is "any tax or information return, declaration of estimated tax, or claim for refund," and "return information" includes "a taxpayer's identity, the nature, source, or amount of his income, *payments*, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies,

overassessments, or *tax payments*." Sec. 6103(b)(1) and (2)(A) (emphasis added).
So no one can doubt that what the Tribe seeks is "return information" protected by
6103. But general rules usually have exceptions in trail, and section 6103 is no
different.

What is unusual is the extensive disagreement among courts about the
extent and even existence of these exceptions. The possible exceptions that the
parties identified are in section 6103(h)(4), which provides:

> (4) Disclosure in judicial and administrative tax
> proceedings.--A return or return information may be disclosed in a
> Federal or State judicial or administrative proceeding pertaining to
> tax administration, but only--

>     *       *       *       *       *       *       *

>     (B) if the treatment of an item reflected on such return is
> directly related to the resolution of an issue in the proceeding; [or]

>     (C) if such return or return information directly relates to a
> transactional relationship between a person who is a party to the
> proceeding and the taxpayer which directly affects the resolution
> of an issue in the proceeding;

The first problem is that the circuits are split on the question of *whom*
section 6103 information can be disclosed to under subsection (h)(4). The Fifth
Circuit was the first to look at the issue, and it focused on the title of the
subsection, "Disclosure to Certain Federal Officers and Employees For Purposes

of Tax Administration, Etc." In <u>Chamberlain v. Kurtz</u>, 589 F.2d 827, 837-38 (5th Cir. 1979), that court read section 6103(h) to allow release of third-party return information only to officials of the Department of the Treasury or the Department of Justice. The Tenth Circuit, however, specifically rejected that argument in <u>First W. Gov't Sec., Inc. v. United States</u>, 796 F.2d 356, 360 (10th Cir. 1986). It reasoned that, while section 6103(h)(1), (2), and (3) speaks of disclosure to officials, section 6103(h)(4) speaks specifically of disclosure in a judicial or administrative tax proceeding with no indication that disclosure should be limited to officials. The court found disclosure proper in judicial and administrative tax proceedings in general. <u>Id.</u>

Most courts have followed the Tenth Circuit in ruling on discovery requests. <u>See</u> <u>Shell Petroleum, Inc. v. United States</u>, 46 Fed. Cl. 719, 722 (2000) (disclosure of return information authorized in connection with suit by taxpayer seeking tax credit); <u>United States v. N. Tr. Co.</u>, 210 F. Supp. 2d 955, 956-58 (N.D. Ill. 2001) (granting motion to compel discovery of partial third-party returns); <u>Lebaron v. United States</u>, 794 F. Supp. 947, 951-52 (C.D. Cal. 1992) (disclosure of return information authorized in summons-enforcement proceeding). Because it seems

highly likely that the Tribe's case is appealable to the Tenth Circuit[5] we will follow the precedent set in First Western and hold that third-party tax-return information may be disclosed in judicial and administrative tax proceedings to persons other than government officials under section 6103(h)(4), so long as the other requirements of subsection (h) are met.

Let us turn to that section. It allows disclosure of *some* information, but what kind exactly? The Tribe is looking for information about its workers' tax payments, which is "return information." And section 6103(h)(4) begins: "A return or *return information* may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration". (Emphasis added.) So far, this works for the Tribe.

But then the sentence continues, in subsection (h)(4)(B), "*but only if * * ** the treatment of an item reflected *on such return* is directly related to the resolution of an issue in the proceeding". (Emphasis added.) Is there a difference

---

[5] Appellate venue of our decisions is defined by section 7482. For an individual we ask where he resided when he filed his petition, sec. 7482(b)(1)(A); for a corporation we ask where its principal place of business was, sec. 7482(b)(1)(B). Indian tribes are neither individuals nor corporations--they are recognized by the federal government as sovereign governments. 25 U.S.C. sec. 476 (2012). Because the Mescalero Apache Tribe is located in New Mexico, we will assume that appellate venue in this case would ordinarily be the Tenth Circuit and will follow its law. Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).

here between disclosure of a return and disclosure of return information? Disclosure of "return information" is not mentioned in subparagraph (B). Both the Federal and Sixth Circuits have weighed in on the question of whether this provision authorizes the disclosure of "return information," and both have decided that it does not. United States v. NorCal Tea Party Patriots (In re United States), 817 F.3d 953, 962 (6th Cir. 2016); In re United States, 669 F.3d 1333, 1339-40 (Fed. Cir. 2012). The Tenth Circuit might have ruled differently--in Tavery v. United States, 32 F.3d 1423 (10th Cir. 1994), it allowed disclosure of a taxpayer's "return information" under section 6103(h)(4)(B) after it analyzed whether the information "directly related to the resolution of an issue in the proceeding." It seems to have done so without considering absence of the phrase "return information" in subparagraph (B). But then, in a published but nonprecedential order issued a year after Tavery, the Tenth Circuit relied on Tavery to uphold the disclosure of a return, but specifically reasoned that because the introductory wording of section 6103(h)(4) allows disclosure of a "return or return information," the government may disclose either returns or return information under subsection (h)(4)(B). See Conklin v. United States, 61 F.3d 915 (10th Cir. 1995).

We will conscientiously avoid this conflict. In just the next subsection, Congress expressly allowed for disclosure of both "returns" *and* "return information." Sec. 6103(h)(4)(C). The Tribe in the case before us needs to know whether its workers *paid* their tax liabilities--that's "return information" and not something readily apparent on the face of a return. Sec. 6103(b)(1) and (2); see In re United States, 669 F.3d at 1339-40. But that may still not be enough. Section 6103(h)(4)(C) permits disclosure of returns or return information only if such "return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding."

Subparagraph (C) raises a few more questions. First, what is a "transactional relationship" under section 6103, and is the employer/worker relationship included within it? Next, does the return information that the Tribe wants "directly relate" to this relationship? And, finally, does the information related to the transactional relationship directly affect the resolution of the issue in this case?

Look first at what relationships count. Courts have found that many different types of relationships satisfy section 6103(h)(4)(C). See, e.g., First Western, 796 F.2d (RIA) at 358 (investors and promoters in the same tax-shelter

scheme); <u>Noske v. United States</u>, 71A A.F.T.R.2d (RIA) 93-3243 (D. Minn. 1992) (participants in a fraudulent-conveyance scheme), <u>aff'd without published opinion</u>, 998 F.2d 1018 (8th Cir. 1993); <u>Davidson v. Brady</u>, 559 F. Supp. 456 (W.D. Mich. 1983) (participants in general business dealings), <u>aff'd</u>, 732 F.2d 552 (6th Cir. 1984); <u>Guarantee Mut. Life Co. v. United States</u>, 42 A.F.T.R.2d (RIA) 78-5915 (D. Neb. 1978) (insurance agents and insurance company). To "transact" means simply "to carry on business." Webster's Third New International Dictionary 2425 (2002). And the wide variety of business relationships that other courts have held are included in the general phrase lead us now to hold that the relationship between an employer and his worker is one that pertains to the carrying on of business.

Our next question is whether the return information that the Tribe is asking for "directly relates" to this relationship. Here we have some help from a district court in Nebraska. In <u>Guarantee Mut. Life</u>, 42 A.F.T.R.2d (RIA) 78-5915, a company sued for a tax refund by establishing that its workers were independent contractors and not employees. The district court there found that the workers' tax records would contain evidence of how the workers viewed their status--a significant factor in a worker-classification case--and allowed disclosure under section 6103(h)(4)(C). <u>Id.</u> We agree that whether the Tribe's workers paid their

tax liabilities in full tends to show whether they considered themselves independent contractors or employees and thus directly relates to their relationship with the Tribe.

Whether return information directly affects the resolution of an issue in a case is one where there is more law. For example, in Texture Source, Inc. v. United States, 851 F. Supp. 2d 1260, 1267 (D. Nev. 2012), the court found that discovery of relevant return information relating to tax treatment of drywall workers was directly related to the tax treatment of those workers as contractors. In Davidson, 559 F. Supp. at 461, the court found that financial statements between a debtor and a creditor directly related to whether the creditor made a material misstatement to a probation officer. This information directly related to the sentencing court's ability to resolve an issue crucial in arriving at a just sentence for the creditor. Id. at 461-62. And in First Western, 796 F.2d at 359-60, the court found that audit information relating to a transactional relationship between investors and their broker directly affected the investors' tax liabilities.

How the Tribe's workers viewed themselves--as employees or independent contractors--is a factor in worker-classification cases. See Weber v. Commissioner, 103 T.C. 378, 387 (1994) (whether a worker is a common-law employee or an independent contractor depends in part on the relationship the

parties believed they were creating), aff'd, 60 F.3d 1104 (4th Cir. 1995); see also Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 270 (2001). And whether the Tribe's workers paid their income-tax liabilities as independent contractors would tend to prove or disprove the Tribe's case, which would directly relate to the resolution of one of the issues here. We also shouldn't overlook the big issue here: If the Tribe's workers did indeed pay their tax liabilities, then the Tribe's section 3402(d) defense would be proved and would be *entirely* resolved.

We hold that the Tribe's workers' return information is disclosable under section 6103(h)(4)(C).

## II. Burden of Proof

The Commissioner still objects that, even if the information is *disclosable*, it is still not *discoverable*. It is true that section 3402(d) seems to place the burden on the taxpayer to show that the income tax is paid. And each party in civil litigation must bear "the ordinary burden of financing his own suit." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 179 (1974). But that doesn't mean discovery cannot be had of his opponent. Our Rule 70(b) says that information is discoverable or not "regardless of the burden of proof involved." We've read our Rule to mean what it says. Piscatelli v. Commissioner, 64 T.C. 424, 426 (1975). "Who bears the burden of proof on an issue has no effect on the obligation to

comply with appropriate discovery requests." Guillo v. Commissioner, T.C. Memo. 1998-40, 1998 WL 42189 at *4, aff'd, 165 F.3d 915 (9th Cir. 1998).

Under Rule 70(b), "discovery may concern any matter not privileged and which is relevant to the subject matter involved in the pending case." Bernardo v. Commissioner, 104 T.C. 677, 682 (1995). It's up to the party opposing the production to show that the information is not discoverable. Rutter v. Commissioner, 81 T.C. 937, 948 (1983) (citing Branerton Corp. v. Commissioner, 64 T.C. 191, 193 (1975)). The Commissioner argues here that the statute places the burden on the Tribe,[6] and that for him to comply with the request places a "tremendous", if almost unelaborated, burden on him.[7]

---

[6] Section 3402(d) also says that if "thereafter the tax against which such tax may be credited is paid, the tax so required to be deducted and withheld shall not be collected from the employer." This at least *implies* that the Commissioner should have some responsibility for reviewing his own records for the proof that the Tribe may not be liable for withholding taxes. The Fifth Circuit has gone so far as to grant a taxpayer attorney's fees where proof that the taxpayer did not owe FICA and withholding taxes was in the IRS's own records. Jones v. United States, 613 F.2d 1311 (5th Cir. 1980). We don't need to go that far here.

[7] The Commissioner doesn't invoke it in his opposition, but Rule 70(c) limits discovery where it is unreasonably cumulative or unduly burdensome or if the information is more easily obtained from another source. The Tribe has already exhausted its own ability to find its workers, and a request for return information about only 70 payees is not particularly voluminous.

Because the Tribe seeks information that is both disclosable and discoverable, we hold for the Tribe.

An appropriate order will be issued.

Reviewed by the Court.

MARVEL, FOLEY, VASQUEZ, GALE, THORNTON, GOEKE, GUSTAFSON, PARIS, MORRISON, KERRIGAN, BUCH, LAUBER, NEGA, PUGH, and ASHFORD, JJ., agree with this opinion of the Court.